Howard **LYDICK** and Larry G. Slay, Relators,

v.

**CHAIRMAN OF the DALLAS COUNTY REPUBLICAN EXECUTIVE COMMITTEE, et al., Respondents.**

No. 17524.

Court of Civil Appeals of Texas, Dallas.

June 5, 1970.

Rehearing Denied June 26, 1970.

Howard Lydick, Richardson, for relators.

Robert M. Hill, Dallas, for respondents.

BATEMAN, Justice.

The relators have with our permission filed their original application for declaratory judgment, for mandamus and for injunction. The relator Howard Lydick avers that, being a voter in the Republican Party primary election of May 2, 1970, he wrote in the name of a qualified person as a candidate for the office of Attorney General of Texas, that being an office printed on the ballot. The relator Larry G. Slay avers that he was also a voter at the same primary election and wrote in the name of an office not printed on the ballot, to-wit, Justice of the Peace, Precinct 1, Place 2, Dallas County, and the name of a qualified person as a candidate for that office. Relators complain because their votes for those write-in candidates were not counted and because the person so nominated as the Republican candidate for Justice of the Peace was not certified by the Chairman of the Executive Committee to the County Clerk as the Republican nominee for that office. They concede that these failures of party officials, who are the respondents here, were in compliance with Article 13.09(b) of the Texas Election Code, V.A.T.S., which prohibits write-in votes at a primary election except for county chairman and precinct chairman.

They first petition us to declare Article 13.09 of the Texas Election Code, unconstitutional on numerous grounds, saying we have authority to render such a declaratory judgment under Vernon's Ann. Civ.St., Article 2524–1, the Uniform Declaratory Judgments Act. Before undertaking a discussion of the various grounds upon which this action is requested, we note that the respondents have filed a plea to the jurisdiction of this court, based upon our decision upon a very similar plea in Donald v. Carr, 407 S.W.2d 288 (Tex.Civ. App., Dallas 1966, no writ). It was held in that case, and we now hold, that this appellate court has no authority or jurisdiction to render declaratory judgments in cases filed originally in this court.

Relators contend that we have jurisdiction to grant the writ of mandamus against the Republican election judges in relators' respective voting precincts, ordering them to count all write-in votes cast in the Republican primary election of May 2, 1970, including those of the relators, and report the same to the Chairman of the Dallas County Republican Executive Committee. They say we are given such juris-

diction by Article 1735a, V.A.C.S., the pertinent portion of which is:

"* * * any court of civil appeals shall have jurisdiction and authority to issue the writ of mandamus, or any other mandatory or compulsory writ or process, against any public officer or officer of a political party, or any judge or clerk of an election, to compel the performance, *in accordance with the laws of this state*, of any duty imposed upon them, respectively, by law, in connection with the holding of any general, special, or primary election or any convention of a political party." (Italics ours.)

That portion of Article 13.09, of the Texas Election Code, under which the respondents were admittedly acting, and which relators ask us to strike down as unconstitutional, is as follows:

"(b) Write-in votes shall not be permitted in primary elections for any office other than the party offices of county chairman and precinct chairman, and a write-in vote for any other office shall be void and shall not be counted for any purpose."

■ The contention that we have authority under Article 1735a to grant the writ of mandamus is without merit. That statute gives us jurisdiction and authority to compel election officials by mandamus to perform any duty imposed upon them by law, *"in accordance with the laws of this state."* According to the complaint, the respondents did perform their duties in accordance with the law of the state, to-wit, Article 13.09(b), of the Texas Election Code; but relators say the pertinent part of Article 13.09, quoted above, violates certain of their constitutional rights and should therefore be held to be unconstitutional and void. They are therefore in the position of saying we have jurisdiction to grant the writ to compel the performance

of duties, not in accordance with the laws of this state, as enacted, but in defiance thereof, on the ground that those laws are unconstitutional. While we doubtless have power, under certain circumstances, to declare an act of the legislature unconstitutional, we are now considering the matter of jurisdiction, not to pass on the constitutionality of a law, *but to grant the writ of mandamus*; and we are not persuaded that the legislature intended to give us jurisdiction to grant the writ of mandamus under these circumstances.

■ Moreover, as pointed out in our opinion in Donald v. Carr, supra, since we have no facilities or authority to try disputed fact issues, we could not in any event render a declaratory judgment under Article 2524–1, V.A.C.S., or grant the writ of mandamus under Article 1735a, V.A.C.S., "unless the facts are established beyond dispute." These facts, relating to the qualifications of the relators as voters and their write-in candidates, as such, are attempted to be shown by affidavits, but with one exception * these are not affidavits. There is no jurat on either of them, only a certificate by a notary public that the signer of the statement "acknowledged to me that the contents thereof are true and correct to his knowledge and belief." Nowhere is it certified that the signer actually swore to the statement or even had knowledge of the truth thereof. 2 Tex.Jur.2d, Affidavits, § 1, p. 394; § 14, p. 408; § 18, p. 411; § 23, p. 416. To "acknowledge" the truth of a fact is quite different from swearing to the truth thereof. One could hardly be successfully prosecuted for false swearing if it were shown only that he had "acknowledged" the truth of a matter shown to be false.

■ The plea to the jurisdiction is in our opinion well taken, and it is sustained. If we had jurisdiction, however, all relief prayed for by the relators would neverthe-

---

* The affidavit of Peter Chamberlain, setting forth his own qualifications to be the write-in candidate for Justice of the Peace, is "affirmed" as being true before a notary public. This is in acceptable form. 41 Tex.Jur.2d, Oath and Affirmation, § 1, p. 674.

less be denied. We would decline to hold any part of Article 13.09 unconstitutional, for in our opinion it does not deprive relators of any rights under Article 1, §§ 2, 3 and 19, of the Texas Constitution, Vernon's Ann.St., or the Fourteenth Amendment to the United States Constitution, as contended. Each political party has the undoubted right to make nominations for the elective officers of the people. "The Legislature has the authority to prescribe reasonable methods to be employed for the purpose; * * *." Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037, 1039 (1916). The right of a qualified voter to write in the name of a candidate for any office at the general election is not questioned, but in our opinion the legislature had the right to prescribe certain procedures or methods by which a party may make its nominations, including the interdiction of write-in votes *in a primary election*, especially in the case of an office which is not even printed on the primary ballot. If the law permitted a voter to nominate a person as the candidate *of a party for an office when the party itself had not seen fit to do so* and no one had seen fit to announce his own candidacy, the person thus nominated would be the candidate, not of the political party, but of the individual who wrote in his name. We think this was a situation which the legislature had the right to forbid.

Each political party has a right under the law to do whatever it can within the framework of the law to maintain its political integrity. Any qualified person can offer himself as a candidate for the nomination by any political party for any particular office, Cantrell v. Carlson, 158 Tex. 528, 314 S.W.2d 286 (1958), but the legislature had the power to enact the law giving the voters the right to know who those candidates are prior to the holding of the primary election. This is not an unreasonable regulation of party primary procedures. If no candidate has filed his application for a place on the primary ballot within the time prescribed by law,

then the voters who are members of the party have a right to assume that the party is not sponsoring a candidate for that office. If the rule were otherwise, a single voter could place a candidate in the position of ostensibly being sponsored by a political party regardless of his political philosphies as compared to those of such party. As said in Holland v. Taylor, 153 Tex. 433, 270 S.W.2d 219, 221 (1954):

"A Texas political party is a free and voluntary association of citizens of the state. Such parties cannot operate if the courts entertain the suit of every member who concludes that he is in disagreement with its decisions. Osborne v. Keith, 142 Tex. 262, 177 S.W.2d 198; Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94. See Carter v. Tomlinson, 149 Tex. 7, 227 S.W.2d 795."

The respondents assert that relators have no justiciable interest in the subject matter of this litigation, and it was so held in Holland v. Taylor, supra, in a somewhat similar situation. We agree with respondents and hold that the relators were without authority to bring this action.

The respondents have also filed a plea in abatement for failure to make the Chairman of the Republican State Executive Committee and all of the election judges within Justice of the Peace Precinct No. 1, Dallas County, parties defendant. In view of what we have said above, it is not necessary for us to pass on this plea. Nor is it necessary for us to pass on the relators' request that the respondent Tom Ellis, County Clerk of Dallas County, be enjoined from destroying the ballots cast in the May 2, 1970 Republican primary election.

For the reasons hereinabove given all relief prayed for by relators herein is denied.

CLAUDE WILLIAMS, J., not sitting.