chavez 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-182-CV 





JUAN CHAVEZ, LAWRENCE FLUELLEN, TRINIDAD NAVEJAR


AND ALBERTO DANIEL,



 APPELLANTS


vs.





JOHN HANNAH, SECRETARY OF STATE OF THE STATE OF TEXAS;


DAN MORALES, ATTORNEY GENERAL OF THE STATE OF TEXAS, ET AL.,




 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 494,841, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING



 




 Juan Chavez did not comply with the Election Code requirement to declare himself
a write-in candidate for justice of the peace in Bailey County, Texas. See Tex. Elec. Code Ann.
§ 146.025 (Supp. 1992). Nonetheless, fifty-nine voters wrote in the name "Juan Chavez," while
the incumbent received only thirty-seven votes. The Bailey County officials refused to count the
attempted write-in votes and certified the incumbent to take office.

 Chavez and three write-in voters brought suit under the Texas Constitution seeking
an injunction declaring Chavez justice of the peace. Chavez also asked the trial court to declare
unconstitutional the relevant portions of the Election Code that require a candidate to file a write-in declaration. 

 The trial court rendered a take-nothing judgment against Chavez. We will affirm
the trial court's judgment.



DISCUSSION


Introduction


 The appellants claim they have been disenfranchised. They contend that the
Election Code interferes with the fundamental right to vote because a write-in candidate must
register sixty days before the general election. Specifically, appellants attacked Tex. Elec. Code
Ann. §§ 146.022-.023, .024(2), .025(A), .029, and .031 (1986 & Supp. 1992) as unconstitutional
under article I, sections 2 and 19 of the Texas Constitution. Tex. Const., art. I, §§ 2, 19. Their
sole point of error on appeal is that the trial court erred in finding the statutes constitutional. We
disagree with appellants. 

 At the outset, we note that the statutes have a presumption of constitutionality,
Spring Branch Indep. Sch. Dist. v. Stamos, 695 S.W.2d 556, 558 (Tex. 1985), appeal dism'd,
475 U.S. 1001 (1986), and that the right to vote has been considered a fundamental right in
Texas. See Sparks v. Busby, 639 S.W.2d 713, 717 (Tex. App. 1982, no writ), McWaters v.
Tucker, 249 S.W.2d 80, 82 (Tex. App. 1982, no writ). However, we know of no Texas case that
defines write-in voting as a fundamental right. In fact, one Texas court has stated that a statute
which completely prohibits write-in voting is a reasonable exercise of state power because "the
legislature had the power to enact the law giving the voters the right to know who those candidates
are prior to the holding of the primary election." Lydick v. Chairman of Dallas County
Republican Exec. Comm., 456 S.W.2d 740, 743 (Tex. Civ. App. 1970, no writ) (stating that
statute would not deny voters due process, equal protection, or inherent political powers under
the Texas and United States Constitutions). Neither do the statutes at issue here interfere with the
voting franchise in violation of article I, sections 2 and 19 of the Texas Constitution.



Federal Law


 The issue before us is whether the Texas Constitution allows the State to require
write-in candidates to register sixty days before general voting begins for elections of state and
county officer. Finding no Texas cases directly on point, we may borrow from analogous federal
law. While decisions of the federal courts do not bind Texas courts, they are received with
respectful consideration. Barstow v. State, 742 S.W.2d 495, 501 n.2 (Tex. App. 1987, writ
denied); see also Wichita Co. v. City Bank, 306 U.S. 103, 109 (1939). Therefore, we may look
to the federal courts for persuasive guidance. 

 We note that the federal courts have upheld legislation which completely abolishes
write-in voting. Burdick v. Takushi, 927 F.2d 469 (9th Cir. 1991), cert. granted, 60 U.S.L.W.
3415 (U.S. Dec. 9, 1991)(No. 91-535). The court in Burdick explained:



Casting one's vote does not implicate fundamental rights in a vacuum. 
Fundamental rights are implicated as a part of the process through which citizens
elect the people who make and administer the laws. Burdick does not have a
fundamental right to vote for any particular candidate; he is simply guaranteed an
equal voice in the election of those who govern. 



Id. at 473. 

 The court expounded on the nature of this fundamental right by pointing out that
the courts have upheld limits on the eligibility to vote or to be a candidate numerous times. Id. 
Therefore, the federal constitution may not require Texas or any other state to make write-in
voting available. Moreover, the statutes challenged in this cause are much less severe than the
ones in Burdick, since they do not prohibit write-in candidacies altogether, but merely require that
write-in candidates register before the election. Thus, the Election Code satisfies the minimum
rights' protection required by the Federal Constitution. See Lecroy v. Hanlon, 713 S.W.2d 335,
338-339 (Tex. 1986) (holding that although federal constitution sets floor of rights, Texas
Constitution may grant greater rights).



Texas Law


 We must now examine the due process guarantees of the Texas Constitution to
determine whether they prevent the requirement that a write-in candidate register sixty days before
the general election.

 In examining the challenged laws, we notice that the requirements of the challenged
sections demand little effort from the prospective candidate. The Election Code prohibits counting
write-in votes for any candidate who did not properly register with the county judge sixty days
before the general election. See Tex. Elec. Code Ann. §§ 146.022-.025, .029, .031 (1986 &
Supp. 1992). While this scheme excludes from the election those who do not comply, we believe
it does not directly infringe the public's right to vote. Rather, the statutes minimally affect the
eligibility of someone to run as a write-in candidate.

 Since early voting in Texas starts forty-five days before the general election, the
statutory actually requires registration only fifteen days before voting begins. See Tex. Elec.
Code Ann. § 86.004 (Supp. 1992). This short registration period, combined with the easy process
of signing a declaration before the county judge, is not unduly burdensome on potential
candidates. See Burdick, 927 F.2d at 473-74. Also, we note that the statutes apply to all
individuals, classes, and political parties equally. Therefore, these requirements for candidacy
do not directly impinge the franchise because they are mandate minimal effort from the potential
candidate. They do not stop the public from exercising its political voice, but simply regulate how
a candidate may properly apply for the election. 

 Because the procedure required is so easy to accomplish, it cannot be said to have
injured the public's right to vote. This early-registration requirement actually strengthens the
right to vote, because it gives voters a chance to learn who is in the race and what the candidate's
qualifications are. Thus, the voters have an opportunity to make a more informed choice on the
ballot.

 Since these statutes do not interfere with any fundamental right, the state must only
provide a rational basis for the statutes. The State contends that these statutes further six
important interests. The statutes: (1) relieve the State's burden of counting nuisance votes for
ineligible candidates, e.g., "Mickey Mouse"; (2) relieve the State's burden of interpreting voter
intent regarding the identity of the candidate, e.g., which "Juan Chavez"; (3) inform the voters
that the candidate is qualified and intends to serve; (4) ensure that the office will be filled by
election, not appointment; (5) ensure that the voters have time to assess the candidates so that they
may make an informed choice; and (6) allow voters to participate in the election by advocating
or opposing a candidate by working on the candidate's campaign. None of these state interests
is trivial or an inappropriate; indeed the "state has an interest, if not a duty, to protect the integrity
of its political processes from frivolous or fraudulent candidacies for election to public office." 
Bullock v. Carter, 405 U.S. 134, 145 (1972) (discussing state filing fees for candidates). See also
Eu v. San Francisco County Democratic Cent. Comm., 489 U.S. 214, 231 (1989) (stating that
protecting integrity of election process is a compelling state interest). These statutes prevent a
secret blitzkrieg campaign from being waged at the expense of the unknowing voters and honest
candidates. We therefore hold that the statutes significantly further legitimate state goals.



CONCLUSION


 Because the state legislature has many legitimate interests in formulating election
policies and the statutes at issue only require the candidates to register fifteen days before voting
begins, Texas' due process requirements are not violated in this case. The limited, if any,
impingement of the right to vote -- combined with the legitimacy of the State's interests -- compel
us to uphold the constitutionality of these provisions. Appellants' sole point of error is overruled.

 We affirm the trial court's judgment.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: April 1, 1992

[Publish]