The STATE BAR OF TEXAS, Appellant,

v.

William TINNING, Appellee.

No. 13–92–270–CV.

Court of Appeals of Texas, Corpus Christi.

March 24, 1994.

Rehearing Overruled April 28, 1994.

Linda Acevedo, Asst. Gen. Counsel, James M. McCormack, Gen. Counsel, State Bar of Texas, Austin, for appellant.

Scott T. Cook, William A. Dudley, Cook, Dudley & Associates, Corpus Christi, for appellee.

Before KENNEDY, DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION ON MOTION FOR REHEARING

FEDERICO G. HINOJOSA, Jr., Justice.

We issued our original opinion in this case on October 14, 1993. We withdraw our original opinion and substitute the following as this court's opinion.

Appellant and appellee have both filed motions for rehearing. Appellant argues that the general four-year statute of limitations does not apply to disciplinary actions. We grant appellant's motion for rehearing, reverse the judgment of the trial court, and remand the case to the trial court for further proceedings. We deny appellee's motion for rehearing.

The trial court entered summary judgment against the State Bar of Texas in a disciplinary proceeding brought against William Tinning. By a single point of error, the State Bar complains that the trial court erred by entering summary judgment against it.

The State Bar filed a disciplinary petition against Tinning on July 6, 1990, alleging that he split fees with Melvin Atkins, a non-lawyer, in fifteen cases between October 1984 and August 1986. The State Bar alleged that Tinning violated Disciplinary Rules (DR) 1–102(A)(6) and 2–102. On August 20, 1990, the State Bar amended its petition and alleged that Tinning violated DR 3–102, not DR 2–102. On October 18, 1991, the State Bar again amended its petition and specifically alleged that Tinning had violated 1) DR 1–102(A)(1) (by violating a disciplinary rule), 2) DR 1–102(A)(6) (by engaging in conduct that adversely reflects on his fitness to practice law), and 3) DR 3–102 (by sharing legal fees with a non-lawyer).

Tinning moved for summary judgment on the following grounds: 1) that the disciplinary proceeding was barred by limitations, 2) that he did not engage in fee splitting, 3) that DR 3–102 is unconstitutional a) by being

vague and indefinite and b) because State Bar disciplinary procedures violate due process, and 4) that the State Bar should be estopped on equitable principles. The State Bar did not timely respond to the motion for summary judgment, and the trial court granted the motion.

In order to sustain a summary judgment, we must determine that the pleadings and summary judgment evidence establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *McFadden v. American United Life Ins. Co.,* 658 S.W.2d 147, 148 (Tex.1983). We accept all evidence favorable to the non-movant as true, indulge the non-movant with every favorable reasonable inference, and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex. 1985). When a defendant moves for summary judgment on several theories and the trial court enters summary judgment without specifying the ground relied upon, we affirm the summary judgment if any one of the theories advanced is meritorious. *Martinez v. Corpus Christi Area Teachers Credit Union,* 758 S.W.2d 946, 950 (Tex.App.—Corpus Christi 1988, writ denied).

A motion for summary judgment must expressly state the grounds upon which it is made. *McConnell v. Southside School Dist.,* 858 S.W.2d 337, 341 (Tex.1993). A motion for summary judgment must stand or fall on the grounds expressly presented in the motion and a court may not rely on briefs or summary judgment evidence in determining whether grounds are expressly presented. *Id.* A summary judgment may not be granted on grounds which are not raised by the movant in his motion. *Mitre & Canseco v. Brooks Fashion Stores,* 840 S.W.2d 612, 616–17 (Tex.App.—Corpus Christi 1992, writ denied); *see Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984). A non-movant does not need to respond to the motion to complain on appeal that the motion was insufficient as a matter of law to support summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Otherwise, summary judgments may not be affirmed or reversed on grounds not expressly set forth in the motions presented to the trial court. *Id.* at 677; *Roberts v. Southwest Tex. Methodist Hosp.,* 811 S.W.2d 141, 144 (Tex.App.—San Antonio 1991, writ denied); *Carlisle v. Philip Morris, Inc.,* 805 S.W.2d 498, 518 (Tex.App.—Austin 1991, writ denied); *Dhillon v. General Accident Ins. Co.,* 789 S.W.2d 293, 295 (Tex.App.—Houston [14th Dist.] 1990, no writ). In *Carlisle,* the Austin Court of Appeals stated:

> In construing the effect of the 1978 amendments to Rule 166a, the Texas Supreme Court has expressed a strong concern that, in an appeal from a summary judgment, issues to be reviewed by the appellate court must have been actually presented to *and considered by* the trial court. (Emphasis in original).

*Carlisle,* 805 S.W.2d at 518 (citing *Clear Creek Basin Auth.,* 589 S.W.2d at 675–77). Consequently, we address appellant's points of error only in context of the issues we find were expressly presented to the trial court by appellee's motion for summary judgment.

The State Bar Rules applicable to this disciplinary proceeding contain their own limitations period. Section 16(J) states as follows:

> **Four Year Limitation and Exceptions.** No member shall be reprimanded, suspended, or disbarred for misconduct occurring more than four (4) years prior to the time such allegation is brought to the attention of counsel except in cases in which disbarment or suspension is compulsory as provided herein. Limitations, however, will not run where fraud or concealment is involved until such misconduct is discovered or should have been discovered by reasonable diligence by counsel.

State Bar Rules, art. X, § 16(J), *(repealed by* TEX.R.DISCIPLINARY P., effective May 1, 1992, *provided* that the section still applies to then pending disciplinary proceedings).

Tinning produced no evidence of the date the allegation was brought to the attention of the State Bar's counsel. Thus, Tinning did not establish that this proceeding was barred by limitations, and the trial court erred by granting summary judgment on the issue of limitations.

Tinning also moved for summary judgment on the ground that he did not split fees with a non-lawyer. Tinning attached four documents, entitled affidavits, to his motion in support of this contention. The State Bar challenges the competency of these documents and argues that they are not affidavits, since they lack jurats. Tinning contends that defects in the documents are of form and not substance, and that the State Bar failed to object at the trial court.

 Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal to amend. Tex.R.Civ.P. 166a(f). An unsworn statement is not an affidavit, and a party may challenge it for the first time on appeal. *Kotzur v. Kelly,* 791 S.W.2d 254, 256 (Tex.App.—Corpus Christi 1990, no writ); *Trimble v. Gulf Paint & Battery, Inc.,* 728 S.W.2d 887, 889 (Tex.App.—Houston [1st Dist.] 1987, no writ); *see also Tucker v. Atlantic Richfield Co.,* 787 S.W.2d 555, 557 (Tex.App.—Corpus Christi 1990, writ denied); *see also Brown Foundation v. Friendly Chevrolet Co.,* 715 S.W.2d 115, 117 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (affidavit requires oath that facts stated are true). A statement that is "acknowledged" before a notary public, but not sworn to, is not an affidavit. *Lydick v. Chairman of Dallas County Republican Executive Comm.,* 456 S.W.2d 740, 742 (Tex.Civ.App.—Dallas 1970, no writ).

 Each of the four documents offered by Tinning in support of his motion for summary judgment contain the following recitation:

THE STATE OF TEXAS
COUNTY OF NUECES

This instrument was acknowledged before me on the __ day of _____ by

_____.

_____
Notary Public, State of Texas

The documents do not state that they are made under oath and do not recite that the facts stated are true. The documents are unsworn statements, are not competent summary judgment evidence, and do not constitute proof of the facts alleged.

Furthermore, Tinning attached a demand letter from Atkins' attorney as an exhibit to his unsworn statement in support of the motion for summary judgment. In the letter, Atkins' attorney demands that Tinning pay Atkins the agreed share of legal fees Tinning collected from clients. By attaching the letter to his statement, Tinning admits that a fact question exists, whether he impermissibly shared fees with Atkins, a non-lawyer. The trial court erred by entering summary judgment on the theory that Tinning did not share fees with a non-lawyer.

 Tinning also moved for summary judgment on the ground that the State Bar was estopped from proceeding with this case since it and Atkins, the non-lawyer with whom Tinning allegedly agreed to share fees, were before the court with unclean hands. Tinning offered no evidence in support of this claim, and the trial court erred by entering summary judgment on this theory.

Finally, Tinning moved for summary judgment on the ground that the disciplinary rules in question were unconstitutionally vague and the procedures violated his due process rights. Tinning produced no evidence to support his contention that the disciplinary system denied him the right to confront witnesses or conduct cross-examination. The trial court erred by entering summary judgment on the theory that Tinning's due process rights were violated.

We now reach the issue of the propriety of granting summary judgment on a facial constitutional challenge.

In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that

is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–95, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982) (footnotes omitted). The rationale for the limits placed on vagueness challenges

> is evident: to sustain such a challenge, the complainant must prove that the enactment is vague " 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' Such a provision simply has *no* core."

*Id.* at 495 n. 7, 102 S.Ct. at 1191 n. 7 (citations omitted).

 A statute, rule, regulation, or order is fatally vague only when it exposes a potential actor to some risk or detriment without giving fair warning of the nature of the proscribed conduct. *Texas Liquor Control Bd. v. Attic Club, Inc.,* 457 S.W.2d 41, 45 (Tex.1970). Due process is violated only when a required course of conduct is stated in terms so vague that persons of common intelligence must guess at what is required or when there is a substantial risk of miscalculation by those whose acts are subjected to regulation. *Id.* When applying the fair notice test, courts allow statutes regulating business activity greater leeway than they allow penal statutes. *City of Webster v. Signad, Inc.,* 682 S.W.2d 644, 646 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Statutes are not unconstitutionally vague simply because some difficulty is found in determining whether marginal offenses fall within their language. *Pennington v. Singleton,* 606 S.W.2d 682, 689 (Tex.1980). The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. *Id.* at 647 (citing *Sproles v. Binford,* 286 U.S. 374, 393, 52 S.Ct. 581, 587, 76 L.Ed. 1167 (1932)). Where no evidence exists that the regulation is enforced in a discriminatory manner, mere speculative danger of arbitrary enforcement does not render the regulation unconstitutionally vague. *Village of Hoffman Estates,* 455 U.S. at 503, 102 S.Ct. at 1196.

The principles noted above flow from the general theory underlying constitutional vagueness challenges.

> Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications.

*Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972) (footnotes omitted).

> These standards should not, of course, be mechanically applied. The degree of vagueness that the Constitution tolerates—as well as the relative importance of fair notice and fair enforcement—depends in part on the nature of the enactment. Thus, economic regulation is subject to a less strict vagueness test because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action. Indeed, the regulated enterprise may have the ability to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process. The Court has also expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe. And the Court has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to

the complainant that his conduct is proscribed.

*Village of Hoffman Estates,* 455 U.S. at 499–500, 102 S.Ct. at 1193–94 (footnotes omitted).

█ With these principles in mind, we now examine the propriety of granting summary judgment on the ground that DR 3–102 is unconstitutionally vague. Since Tinning, in his motion for summary judgment, did not challenge the rule as being overly broad, we assume that the rule does not implicate constitutionally protected conduct. We, therefore, review the rule only to determine whether it is impermissibly vague in all applications.

Initially, we note that Tinning provided no evidence of his conduct, and under the procedures outlined above, the trial court had no reason to assume Tinning's conduct was not clearly proscribed by the rule and therefore no reason to consider that appellant proved the statute unconstitutionally vague as applied to him. This seems an illogical application of Texas summary judgment practice. A movant can only rarely, if ever, establish a fact question in his favor in a summary proceeding; however, a summary proceeding is an ideal forum for determining the constitutionality of an ordinance or regulation before proceeding to trial on the merits of the case.

The challenged disciplinary rule states as follows:

**DR 3–102. Dividing Legal Fees with a Non–Lawyer.**

(A) A lawyer or law firm shall not share legal fees with a non-lawyer, except that:

(1) An agreement by a lawyer with his firm, partner, or associate may provide for the payment of money, over a reasonable period of time after his death, to his estate or to one or more specified persons.

(2) A lawyer who undertakes to complete unfinished legal business of a deceased lawyer may pay to the estate of the deceased lawyer that proportion of the total compensation which fairly represents the services rendered by the deceased lawyer.

(3) A lawyer or law firm may include non-lawyer employees in a retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement.[1]

The term "share" is not defined in the rules; hence, we apply its ordinary meaning:

1. to divide in portions; to distribute in shares.

2. to partake or enjoy with others; to seize and possess jointly or in common.

WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY 1668 (2nd ed. 1979).

Tinning contends that DR 3–102 makes no distinction between giving a pre-determined percentage of a legal fee to a non-lawyer and paying an employee's hourly salary from monies generated by fees paid by clients for the lawyer's services. For reasons explained below, we hold against Tinning.

First, the factors listed in *Village of Hoffman Estates* militate in favor of a less stringent vagueness test. The rule is civil, not penal, in nature, and it regulates a profession whose members can be expected to consult applicable regulations and the writings of bodies empowered to interpret those regulations. Indeed, precisely by acquiring such expertise, lawyers hold themselves out as persons qualified to address the general public's legal needs, and the State justifies prohibiting unqualified persons from practicing law on the rationale that lay persons are not adequately trained to research the law or to provide the requisite level of service. A lawyer can inquire of other lawyers or ask the State Bar general counsel's office for help in interpreting the disciplinary rules.[2]

Specifically with regard to the challenged disciplinary rule, a lawyer would be expected to at least read Canon 3, "A Lawyer Should

---

1. State Bar Rules, art. X, § 9, DR 3–102 (1984). Similar language is contained in the current rules. *See* TEX.DISCIPLINARY R.PROF.CONDUCT 5.04(a) (1989), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1992) (STATE BAR RULES art. X, § 9).

2. Today, a lawyer may avail himself of the aid of the Committee on Professional Ethics. *See* TEX. GOV'T CODE ANN. § 81.091 *et seq.* (Vernon 1988 and Supp.1993).

Assist in Preventing the Unauthorized Practice of Law," and the ethical considerations for help in divining the meaning of the corresponding disciplinary rules. The ethical considerations under Canon 3 emphasize limiting the legal practice to the professionals bound by the disciplinary rules and familiar with the tenets of law and fiduciary relationships. More specifically, EC 3–6 states that lawyers are permitted to delegate tasks to staff persons, e.g., secretaries and clerks, and concludes that such practice is economical, efficient, and desirable. EC 3–8 even more directly addresses the rule challenged here, stating, "Since a lawyer should not aid or encourage a layman to practice law, he should not practice law in association with a layman or otherwise share legal fees with a layman." Given direction by the ethical considerations that a lawyer may delegate duties to lay staff and that a lawyer may not share legal fees with a non-lawyer and assuming that reasonable persons would assume that a lawyer's staff expects to be paid, we are dubious of a claim that lawyers are confused regarding the proscribed conduct to the point of creating a substantial risk that they will miscalculate and fall under the proscription. The rule, given the expertise of learned members of the profession, in conjunction with the ethical considerations, provides fair warning of what behavior is proscribed.

Second, common use and understanding of "sharing fees" does not include the type of permissible behavior Tinning complains may be confused with proscribed behavior. Our national economy comprises a multitudinous system of payments from one party to another, who in turn settle debts with third parties, who continue the stream of payments *ad infinitum*. One does not ordinarily consider paying a pre-existing debt with sums earned by fees generated from rendering services as sharing those fees. A wage earner does not "share" his salary with a landlord by virtue of paying rent, nor do the State of Texas or the United States "share" tax revenue with their employees. According to common use and understanding of the phrase "share legal fees," a lawyer does not "share legal fees" by paying a salary to his employees or by using money generated by legal fees to pay the lawyer's debts to employees or others.

Finally, Tinning produced no evidence that the State Bar enforces the rule in a discriminatory or arbitrary fashion. Absent such evidence, a mere speculative danger of arbitrary enforcement does not render the rule unconstitutionally vague. We readily concede that the challenged disciplinary rule contains a grey area for determining whether marginal offenses fall within the proscribed conduct. Tinning directs our attention to the problem of a lawyer who wishes to pay his staff a bonus after successful litigation. However, the fact that some difficulty exists in precisely determining the parameters of proscribed conduct does not make the rule unconstitutional for vagueness in all its applications. The trial court erred by granting summary judgment on the theory that DR 3–102 was unconstitutionally vague.

We GRANT the State Bar's motion for rehearing, REVERSE the trial court's judgment, and REMAND the case to the trial court for further proceedings. We DENY Tinning's motion for rehearing.

DORSEY, Justice, concurring.

I agree with the majority's conclusion that the summary judgment was improperly granted and the cause should be remanded. However, I write separately to express my analysis of the question of the applicability of the statute of limitation relied on by the state bar to defeat the summary judgment.

The difficulties are two: that the bar does not rely on a "statute of limitation" in the usual sense and the absence of a response by the state bar to the motion for summary judgment.

The enactment relied on by the state bar is not a statute. Rather it is a rule promulgated by the Texas Supreme Court in its grant of power to the State Bar of Texas to discipline members of the bar. The Supreme Court has been granted authority by the legislature to promulgate rules governing the state bar. TEX.GOV'T CODE ANN. § 81.024(a) (Vernon 1988).

The particular rule, Art. X, § 16(J) of the State Bar Rules, limits the authority of the State Bar to reprimand, suspend or disbar a

member unless no more than four years have expired between the conduct complained of and the making of the complaint. Traditional statutes of limitation limit the time by which suit must be filed after the accrual of the cause of action, or its discovery. The state bar rule does not speak to when the action for disbarment must be filed in court. Rather, it commands that the complaint be made to the state bar be within four years of the condemned activity at the peril of the bar being unable to discipline its member for it.

Tinning, respondent below, moved for summary judgment on several grounds, the first of which was that the action by the State Bar was barred by limitations, being filed more than four years after the alleged incidents of misconduct occurred.[1] The general statute of limitations, TEX.CIV.PRAC. & REM. CODE ANN. § 16.051 (Vernon) 1986 provides a limitation period of four years when there is no other express limitations period.[2]

The State Bar did not file a timely response to Tinning's motion. Nonetheless, appellant, the State Bar, urges the application of a special limitations rule contained in the State Bar Rules[3].

Rule 166a(c), governing summary judgments, provides that "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." The Supreme Court, in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 676–78 (Tex.1979), held the failure of a non-movant to respond does not result in a summary judgment by default. No response is necessary "to contend on appeal that the grounds expressly presented in the motion are insufficient *as a matter of law* to support summary judgment. The non-movant, however, may not raise any *oth-er* issues as grounds for reversal." (emphasis in original). *Id.* at 678. In the absence of response, the movant is still required to establish his entitlement to summary judgment by proving all the elements of his cause of action or defense as a matter of law.

There are two issues on the matter of the statute of limitations; first, whether the special limitations rule may be urged for the first time on appeal and, second, whether the special rule prevails over the general statute of limitations urged by appellee Tinning.

In *M & M Distributors v. Dunn*, 819 S.W.2d 639 (Tex.App.—Corpus Christi 1991, no writ), the movant relied on a two year statute of limitations to bar an action sounding in fraud. Although the non-movant did not respond that the four year statute was applicable rather than the shorter statute, he successfully argued that on appeal. This court held that the movant failed to establish his right to summary judgment because the question of which statute of limitations to be applied is a matter of law. *Id.* at 640. The defense of limitations is an affirmative defense, all aspects of which must be proven by the movant. *See Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983).

The general four year statute only applies if there is no other statute of limitations applicable. State Bar Rules are given the status of statutes in certain situations. They were construed to be the equivalent of statutes in the exercise of the Supreme Court's direct appeal jurisdiction in determining their constitutionality. *O'Quinn v. State Bar of Texas*, 763 S.W.2d 397, 399 (Tex.1988). The rule in question here should similarly be considered the equivalent of a statute of limitation, barring the State Bar of Texas from taking action against a member *if more than*

---

1. The most recent act alleged by the State Bar is dated March 21, 1986. The State Bar's original petition was filed June 25, 1990.

2. The provision reads "Every action *for which there is no express limitations period*, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues." *Id.* (emphasis added).

3. "No member shall be reprimanded, suspended, or disbarred for misconduct occurring more than four (4) years prior to the time such allegation is brought to the attention of counsel except in cases in which disbarment or suspension is compulsory *as provided herein*. Limitations, however, will not run where fraud or concealment is involved until such misconduct is discovered or should have been discovered by reasonable diligence by counsel." State Bar Rules, art. X, § 16(J) *reprinted in* TEX.GOV'T CODE ANN. tit. 2, subtit. G app. (Vernon 1988).

four years have elapsed between the activity complained of and the making of a complaint to the counsel for the State Bar.

The general four year statute of limitations runs from the day the cause of action accrues. When does the cause of action to discipline a member for misconduct accrue? Reading the State Bar rule of limitation with the general statute of limitations, I would have to conclude that the cause of action does not accrue until the allegation of misconduct is brought to the attention of counsel of the State Bar of Texas.

Appellee did not negate the applicability of the State Bar Rule at the trial court nor did he establish the applicability of the general statute. He has not established his right to summary judgment on the statute of limitations issue as a matter of law.