Patricia LAMAN, Appellant,

v.

BIG SPRING STATE HOSPITAL, Wanda
Murphy, and Nona Sieler, Appellees.

No. 11–96–267–CV.

Court of Appeals of Texas,
Eastland.

May 7, 1998.

Robert Brown, Wayne Watson, Fort
Worth, for appellant.

Bonnie Lockhart, Joe Dunn, Halley Mar-
tha Wallingford, Attorney General's Office,

Tort Litigation Division, Austin, for appellees.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

ARNOT, Chief Justice.

Patricia Laman, a patient of Big Spring State Hospital, was sexually assaulted by a male patient at the Hospital. Laman sued the Hospital and two of its employees, Wanda Murphy and Nona Sieler, for negligence with respect to the assault. The Hospital moved for summary judgment based on sovereign immunity; Sieler moved for summary judgment based on official immunity and lack of proximate cause; and Murphy moved for summary judgment based on official immunity. The trial court granted the motions and entered a take-nothing judgment. Laman appeals, asserting in three points of error that the trial court erred in granting the motions for summary judgment. We affirm in part and reverse and remand in part.

In order to determine if the trial court erred in granting the motions for summary judgment, we must consider the summary judgment evidence in the light most favorable to the non-movant, indulging all reasonable inferences in her favor. We must determine whether the movants proved that there was no genuine issue of material fact and that they were entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). In order for the defendants to be entitled to summary judgments, they must have either disproved an element of the cause of action or established an affirmative defense as a matter of law. See *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Way v. Boy Scouts of America*, 856 S.W.2d 230, 233 (Tex.App.—Dallas 1993, writ den'd).

The underlying facts are largely undisputed. Laman was admitted to the Southwest Psychiatric Services Unit at the Hospital during the early morning hours of August 3, 1993. During her initial exam, Laman became agitated, combative, and delusional. The staff at the Hospital escorted her to a "change-of-environment" room. All of these rooms were located in the men's side of the unit. Someone from the staff stayed with Laman until she was seen by a doctor. The doctor prescribed a sedative. After Laman went to sleep, Murphy left Laman alone in the room in order to attend to other duties. A short time later, Laman was raped by a male patient.

In her first point of error, Laman argues that the trial court erred in granting the Hospital's motion for summary judgment. Laman alleged in her petition that she was injured as a result of a condition or use of the room in which she was assaulted, asserting that the room was in the following condition: (1) unlocked with the door open to the men's hall; (2) unstaffed; and (3) occupied only by a heavily-sedated female patient. Laman alleged that the condition of the room constituted a premises defect, that the use of the room in that condition constituted a misuse of tangible property, and that the use of the room constituted the negligent implementation of policy.

Under the doctrine of sovereign immunity, the State and its agencies are generally immune from suit unless the State gives its consent to be sued. *Federal Sign v. Texas Southern University*, 951 S.W.2d 401 (Tex.1997). The Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.001 et seq. (Vernon 1997 & Supp. 1998), waives governmental immunity for certain torts. In Section 101.021(2), immunity is waived for personal injuries and deaths "caused by a condition or use of tangible personal or real property" if a private person would be liable under the same circumstances.

Because Laman's claims involve a room, they involve real property rather than personal property. *Dallas County Mental Health and Mental Retardation et al. v. Albert Bossley et al.*, 968 S.W.2d 339 (1998). Neither a cause of action for negligent use of real property nor a cause of action involving a condition of real property exists separate and distinct from a cause of action for a

premises defect. *University of Texas–Pan American v. Valdez*, 869 S.W.2d 446, 450 (Tex.App.—Corpus Christi 1993, writ den'd); *Hawley v. State Department of Highways and Public Transportation for State of Texas*, 830 S.W.2d 278 (Tex.App.—Amarillo 1992, no writ); see also *Keetch v. Kroger Company*, 845 S.W.2d 262 (Tex.1992); and *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974).

The term "premises" has been defined as a building or part thereof with its grounds and appurtenances; and "defect" has been defined as a shortcoming, an imperfection, or the "want of something necessary for completeness." *Billstrom v. Memorial Medical Center*, 598 S.W.2d 642, 646 (Tex.Civ.App.—Corpus Christi 1980, no writ). The facts showing that Laman was heavily-sedated and was left unattended in the room with the door open to the men's hall do not support a cause of action for a premises defect because they do not involve a defect, shortcoming, or imperfection of the room or the door. Therefore, we hold that the trial court did not err in granting the Hospital's motion for summary judgment based upon sovereign immunity. See *State Department of Highways & Public Transportation v. Payne*, 838 S.W.2d 235 (Tex.1992).

As authority for her position that the Hospital has waived its immunity, Laman cites *Vela v. City of McAllen*, 894 S.W.2d 836 (Tex.App.—Corpus Christi 1995, no writ), and *City of Waco v. Hester*, 805 S.W.2d 807 (Tex.App.—Waco 1990, writ den'd) Laman asserts that, as established by these cases, the booking room in *Vela* was found to be "personal property," and the day room in *Hester* was considered "personal or real property," she has alleged and supported a claim for a use or misuse which fits within the waiver of sovereign immunity for use of tangible property under Section 101.021(2). To the extent that *Vela* and *Hester* can be understood to state that a room is personalty or that a cause of action will lie for the negligent use of real property, we respectfully decline to follow our sister courts. The duty of a real property owner with regard to others is defined as a premises defect. We believe that the holding in *Hester* is better

supported by the court's reasoning that the television set was tangible personal property which was used. See *Wimberley v. Troy Sloan et al.*, 963 S.W.2d 556 (Tex.App.—Eastland 1998, no writ) (not yet reported).

As stated in *Bossley*, "[p]roperty does not cause injury if it does no more than furnish the condition that makes the injury possible." As the victim of a sexual assault, the real substance of Laman's complaint is that her injuries were caused by the failure of the Hospital's staff to supervise her as she was sedated, not by the condition or use of property. The act does not waive the Hospital's immunity from such a complaint. Because immunity has not been waived, we do not reach the question of whether the exception to the limited waiver of immunity as contemplated by Section 101.057(2), claims arising out of intentional torts, applies. See *Delaney v. University of Houston*, 835 S.W.2d 56 (Tex.1992); *Texas Department of Mental Health and Mental Retardation v. McClain*, 947 S.W.2d 694 (Tex.App.—Austin, 1997, no writ). The first point of error is overruled.

 In the second and third points of error, Laman argues that the trial court erred in granting Sieler's and Murphy's motions for summary judgment. Under these points, Laman first asserts that the affidavits attached to their motions are fatally defective because they do not contain proper jurats. We agree. The record shows that none of the "affidavits" attached to Sieler's and Murphy's motions were sworn to or made under oath. Although the affidavits were signed by a notary, there is nothing indicating that the declarants had been sworn. See *State Bar of Texas v. Tinning*, 875 S.W.2d 403 (Tex. App.—Corpus Christi 1994, writ den'd). An unsworn acknowledgment is not an affidavit; and, contrary to Sieler's and Murphy's assertion, such a substantive defect may be raised for the first time on appeal. *Perkins v. Crittenden*, 462 S.W.2d 565 (Tex.1970); *State Bar of Texas v. Tinning*, supra; see TEX. R.CIV.P. 166a(f). Since Sieler and Murphy relied only upon the purported affidavits to support their motions and since the purported affidavits do not constitute proper summary judgment proof, the trial court erred in granting their motions for summary judg-

ment. The second and third points of error are sustained.

We affirm that part of the judgment entering summary judgment in favor of the Hospital. However, we must reverse that part of the judgment entering summary judgments in favor of Sieler and Murphy and remand the causes of action against Sieler and Murphy to the trial court.[1]

---

1. We note, however, that Laman's causes of action against Sieler and Murphy are likely to be barred by TEX.CIV.PRAC. & REM.CODE ANN. § 101.106 (Vernon 1997). *Thomas v. Oldham,* 895 S.W.2d 352 (Tex.1995); *Gonzalez v. El Paso Hospital District,* 940 S.W.2d 793 (Tex.App.—El Paso 1997, no writ).