NUMBER 13-06-068-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RANDALL HENDERSON AND

PATTY HENDERSON, Appellants,


v.



CLARENCE A. HELTON, ET AL., Appellees.

 


On appeal from the 214th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 Appellants, Randall and Patty Henderson, appeal from the trial court's take-nothing
summary judgment against them on claims of fraudulent transfer of real property. (1) We
reverse and remand the cause of action to the trial court.

Background

 On September 19, 2002, appellants signed an earnest money contract with
appellees, Clarence and Mary Helton, for the purchase of appellees' unit at the Sea Sands
Condominiums in Port Aransas, Texas. The closing of the sale took place on October 7,
2002, and title was transferred to appellants.

 During a meeting of the Board of Directors of the Sea Sands Council of Owners, a
special assessment of $160,000.00 was adopted. The date on which the assessment
passed is in dispute. Appellants brought suit alleging that on September 28, 2002, the
Board, including appellee, Clarence Helton, approved and bound the property owners of
certain units of the condominium to $160,000.00 worth of improvements. Appellants
further contend that this fact was not made known to them at the time of the execution of
the earnest money contract or the closing of the sale transaction. 

 Appellees moved for summary judgment on October 19, 2005. In support of their
motion, appellees attached a statement from Charles W. Borders, Jr., the Managing Agent
of the Sea Sands Condominium, stating that he was present at the September 28, 2002
meeting and no assessment of any type passed at that meeting. Borders also states that
he was present at the Board meeting that took place on November 16, 2002, and at that
meeting, a special assessment of $160,000.00 was adopted. Furthermore, attached to
Borders' statement was a copy of the minutes of the Sea Sands Council of Co-Owners
Board of Directors Meeting from November 16, 2002. 

 A hearing on the motion for summary judgment was held and the trial court granted
the motion and entered a take-nothing judgment. Appellants' motion for new trial was
timely filed, and, upon hearing, was overruled. Appellants do not challenge the trial court's
denial of their motion for new trial, but ask that we reverse the summary judgment. In three
issues, appellants assert the trial court erred in granting summary judgment against them
because (1) they received insufficient notice of the summary judgment hearing, (2) the
summary judgment motion was supported by incompetent evidence, and (3) a material fact
issue existed as to whether the assessment was made on September 28, 2002 or some
other date.

Discussion

1. Standard of Review

 We review the trial court's granting of a traditional motion for summary judgment de
novo. (2) The movant has the burden of showing that there is no genuine issue of material
fact and that it is entitled to judgment as a matter of law. (3) In order to determine whether
the trial court erred in granting the motion for summary judgment, we must consider the
evidence in the light most favorable to the nonmovant, and resolve all reasonable
inferences and all doubts in his favor. (4) Summary judgment for the responding party is
proper if the movant disproves at least one element of each of the claimant's causes of
action, or establishes each element of an affirmative defense as a matter of law. (5)

2. Incompetent Evidence

 We begin by addressing appellants' second issue, wherein they challenge the
competency of the document containing Borders' statement, which was used in support
of the motion for summary judgment. Specifically, they contend the document is not an
affidavit because it does not contain a proper jurat. In response, appellees argue that if
any defect exists in the affidavit, the objection is waived because appellants did not
specifically point it out to the court in writing before the judgment was signed.

 The rules of civil procedure provide that, "Defects in the form of affidavits or
attachments will not be grounds for reversal unless specifically pointed out by objection by
an opposing party with opportunity, but refusal, to amend." (6) An acknowledgment that is
unsworn or lacks proper authentication, however, may be challenged for the first time on
appeal. (7) Such a defect is substantive, (8) and rule of civil procedure 166a(f) provides that
where a substantive defect exists, rule of appellate procedure 33.1 is abrogated sub
silentio, and an objection need not be made at trial to preserve error for review. (9)

 In Perkins v. Crittenden, (10) the Texas Supreme Court expressly recognized the
difference between a jurat and an acknowledgment. The court stated that the two are not
the same and explained that an acknowledgment "does not purport to be a certification that
the person acknowledging it swears to the truth of the matter set out." (11) The court further
pointed out that an acknowledgment does not, at least within the spirit of rule 166a,
constitute an "affidavit" so as to constitute a "sworn or certified" copy. (12) 

 The document containing Borders' statement contains the following affirmation:

 THE STATE OF TEXAS

 

 COUNTY OF NUECES

 

 This instrument was acknowledged before me on July 13, 2005, by Charles
W. Borders, Jr.

 

 Notary Public, State of Texas


In State Bar of Texas v. Tinning, this Court held that documents containing the above
recitation were not competent summary judgment evidence because they did not state that
they were made under oath and did not recite that the facts stated were true. (13) This
holding demonstrates the difference between a jurat and an acknowledgment. In the
instant case, Borders' statement did not state that it was sworn to or made under oath;
therefore, his statement was only an acknowledgment and did not constitute competent
summary judgment proof. (14) Furthermore, attached to Borders' statement was a copy of
the minutes of the November 16, 2002 Board of Directors' meeting. In his letter, Borders
stated that the copy was true and official. Because the copy of the minutes relies on a
document that we have concluded is fundamentally defective and cannot be afforded
evidentiary value, the copy of the minutes cannot be considered competent summary
judgment evidence. Accordingly, we sustain appellants' second issue.

3. Material Issue of Fact

 In their third issue, appellants assert that there was a material issue of fact as to
whether the assessment was made on September 28, 2002 or some other date. Setting
aside the evidence already deemed incompetent herein, the only remaining evidence
supporting appellees' motion for summary judgment includes copies of interrogatories and
a copy of a portion of the written real estate contract appellants entered into with appellees. 
This information in no way disproves appellants' contention that the $160,000.00
assessment was adopted on September 28, 2002 without their knowledge. The remaining
documents show only that appellants were present at the November 16, 2002 meeting, but
do not indicate the discussions or agenda of either the September 28 or November 16
meetings. Therefore, we cannot say that there is no genuine issue of material fact in this
case regarding whether the assessment passed before the sale was finalized. Thus, the
trial court erred in granting the motion for summary judgment. Appellants' third issue is
sustained.

Conclusion

 We reverse the trial court's judgment and remand the case for further proceedings. (15)



 

 LINDA REYNA YAÑEZ,

 Justice




Memorandum opinion delivered and filed 

this the 26th day of July, 2007.
1. See Tex. Bus. & Com. Code Ann. § 27.01 (Vernon 2002).
2. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Branton v. Wood, 100 S.W.3d 645,
646 (Tex. App.-Corpus Christi 2003, no pet.).
3. Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1985).
4. Id.
5. Id.
6. Tex. R. Civ. P. 166a(f).
7. See Laman v. Big Spring State Hosp., 970 S.W.2d 670, 672 (Tex. App.-Eastland 1998, pet. denied);
State Bar of Tex. v. Tinning, 875 S.W.2d 403, 407 (Tex. App.-Corpus Christi 1994, writ denied); Kotzur v.
Kelly, 791 S.W.2d 254, 256-57 (Tex. App.-Corpus Christi 1990, no writ).
8. Bauer v. Jasso, 946 S.W.2d 552, 557 (Tex. App.-Corpus Christi 1997, no pet.); Kotzur, 791 S.W.2d
at 256-57.
9. Cain v. Rust Indus. Cleaning Servs., 969 S.W.2d 464, 467 (Tex. App.-Texarkana 1998, pet. denied).
10. Perkins v. Crittenden, 462 S.W.2d 565, 567 (Tex. 1970).
11. Id.
12. Id.
13. Tinning, 875 S.W.2d at 407.
14. See id.
15. Because of our rulings on issues two and three, we need not address appellants' first issue. Tex.
R. App. P. 47.1.