The MANSIONS IN THE FOREST, L.P. and The Estates—Woodland, L.P., Appellants,

v.

MONTGOMERY COUNTY, Texas, Appellee.

No. 09–09–00524–CV.

Court of Appeals of Texas, Beaumont.

Submitted July 1, 2010.

Decided Oct. 7, 2010.

H. Ronald Welsh, Leif A. Olson, Michael W. Twomey, Welsh & Chapoton, L.L.P., Houston, for appellants.

J. Mark Breeding, Paul S. Radich, Andrews Kurth L.L.P., Houston, David K. Walker, County Atty., Conroe, for appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## MEMORANDUM OPINION

STEVE McKEITHEN, Chief Justice.

This is an appeal from a summary judgment granted in favor of Montgomery County in a condemnation case. We affirm.

### Background

The County filed a petition in condemnation to take a portion of property owned by The Mansions in the Forest, L.P. ("the

Mansions") and The Estates—Woodland, L.P. ("the Estates"). The trial court appointed special commissioners, who found the fair market value of the property to be $345,215. The Mansions and the Estates excepted to the award.

The County filed a no-evidence and traditional motion for summary judgment on the issue of compensation. In their response, the Mansions and the Estates attached the affidavit of Matthew Hiles, Vice President of both entities, as summary judgment evidence. In his affidavit, Hiles stated that the total amount for both just compensation and diminution in the fair market value of the remaining property would exceed $800,000.

The County objected to Hiles's affidavit on grounds that: (1) Hiles was not timely disclosed as a witness, per Rule 193.6 of the Rules of Civil Procedure; and (2) the affidavit was based on mere conjecture and lacked an evidentiary foundation. The trial court sustained the objection, excluded Hiles's affidavit from the summary judgment evidence, granted the County's traditional motion, and entered a final judgment in favor of the County.

### Analysis

In three issues, the Mansions and the Estates contend that the trial court improperly excluded Hiles's affidavit because (1) a landowner, including a "representative of a landowning entity," may testify to the fair market value of their property; (2) Hiles is a named party who need not be designated as a witness, the County was not unfairly surprised or prejudiced, and excluding Hiles's affidavit amounts to an impermissible death-penalty sanction; and (3) Hiles's affidavit created a genuine issue of material fact. We review a trial court's exclusion of summary judgment evidence for abuse of discretion. *See Cruikshank v. Consumer Di-*

*rect Mortg., Inc.,* 138 S.W.3d 497, 499 (Tex.App.-Houston [14th Dist.] 2004, pet. denied).

In addition to its contentions that Hiles was untimely designated and the affidavit is conclusory, the County argues, for the first time on appeal, that Hiles's affidavit is invalid for lack of an oath or jurat and an averment that the facts are "true and correct."

"Defects in summary-judgment proof fall into two categories—defects in form and defects in substance." *Landry's Seafood Rests., Inc. v. Waterfront Cafe, Inc.,* 49 S.W.3d 544, 551 (Tex.App.-Austin 2001, pet. dism'd). "Substantive defects can be asserted for the first time on appeal, but formal defects are waived if not raised in the trial court." *Id.* Lack of an averment that facts are "true and correct" is a defect of form that is not preserved for appellate review. *See id.* Lack of a jurat is a defect of substance. *See Choctaw Props., L.L.C. v. Aledo I.S.D.,* 127 S.W.3d 235, 241 (Tex.App.-Waco 2003, no pet.). "An unsworn statement is not an affidavit, and a party may challenge it for the first time on appeal." *State Bar of Tex. v. Tinning,* 875 S.W.2d 403, 407 (Tex.App.-Corpus Christi 1994, writ denied).

An "affidavit" constitutes a "statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 2005). "An acknowledgment (that an instrument was executed for the purposes therein expressed) does not purport to be a certification that the person acknowledging it swears to the truth of the matter set out." *Perkins v. Crittenden,* 462 S.W.2d 565, 567 (Tex.1970). "It does not, at least within the spirit of Rule 166–A, constitute an

'affidavit' so as to constitute a 'sworn or certified' copy." *Id.* An acknowledgment will suffice, however, when coupled with language that the affiant personally appeared before the authorized officer, was duly sworn, and was deposed as follows. *See Ford Motor Co. v. Leggat,* 904 S.W.2d 643, 645–46 (Tex.1995); *see also Choctaw,* 127 S.W.3d at 242.

 Hiles's purported affidavit contains the following language:

State of Texas

County of *Dallas*

This instrument was acknowledged before me on *July 6, 2009* (date)

By *Matthew Hiles*

_____

Notary Public

This recitation constitutes a mere acknowledgement. *See Tinning,* 875 S.W.2d at 407; *see also Laman v. Big Spring State Hosp.,* 970 S.W.2d 670, 672 (Tex.App.-Eastland 1998, pet. denied). The document contains no language indicating that it was "sworn to before an officer authorized to administer oaths" or "officially certified." Tex. Gov't Code Ann. § 312.011(1); *see Choctaw,* 127 S.W.3d at 242 (holding that acknowledgement combined with statement that " 'BEFORE ME, the undersigned authority, on this day personally appeared ..., who being by me duly sworn, deposed as follows: ...' " met the statutory requirements for an affidavit); *see also Griffin v. Baylor College of Med.,* 945 S.W.2d 158, 159–60 (Tex.App.-Houston [1st Dist.] 1997, no writ) (same). Because the document fails to meet statutory requirements, it is not an affidavit for purposes of Rule 166a of the Rules of Civil Procedure and is not competent summary judgment evidence. *See* Tex.R. Civ. P. 166a; *Tinning,* 875 S.W.2d at 407; *see also Laman,* 970 S.W.2d at 672. Because there is no evidence to raise a genuine issue of material fact, summary judgment was proper.

Accordingly, we cannot say that the trial court abused its discretion by excluding Hiles's purported affidavit or erred by granting summary judgment in favor of the County. We overrule issues one through three and affirm the trial court's judgment.

AFFIRMED.