11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Joseph Richardson[1]

Appellant

Vs.                   No.
11-03-00033-CV -- Appeal from Dallas County

Dallas/Fort Worth Airport and 

Dallas/Fort Worth Airport Board

Appellees

 

This is an
appeal from a take-nothing summary judgment granted in favor of Dallas/Fort
Worth Airport and Dallas/Fort Worth Airport Board (collectively DFW).  Joseph Richardson sued DFW for damages
related to a knee injury he allegedly received in a DFW parking garage.  DFW moved for summary judgment on various
grounds, including sovereign immunity. 
The trial court granted DFW=s motion without specifying the ground upon which it relied.  We affirm. 









Richardson
appears pro se and presents three points of error.  In the first point and its 12 sub-parts, Richardson argues that
the trial court erred in granting DFW=s motion for summary judgment. 
Under this point, appellant asserts that summary judgment was erroneous
because: (a) the summary judgment proof was insufficient; (b) the court showed
bias and prejudice by asking DFW if there were any objections to Richardson=s exhibits; (c) DFW abused the discovery
process; (d) the court denied Richardson=s evidence; (e) the court allowed DFW to orally respond to his response
to DFW=s motion for summary judgment; (f) DFW did
not establish the standard of conduct applicable to a governmental unit in
maintaining and operating a traffic control device; (g) DFW failed to establish
that it did not breach the applicable standard of care; (h) DFW did not
expressly move for summary judgment on the ground that it did not create a
dangerous condition; (i) DFW failed to show that it had no knowledge of the
dangerous condition; (j) DFW did not expressly move for summary judgment on the
ground that the condition did not pose an unreasonable risk of harm; (k) DFW
did not expressly move for summary judgment on the ground that it did not
violate the Texas Transportation Code; and (l) the trial court=s decision was so arbitrary and unreasonable
as to amount to a clear and prejudicial error of law.  In the second point, Richardson contends that the trial court abused
its discretion when it denied his motion for continuance of trial.  In his third point, Richardson contends that
the trial court abused its discretion in granting DFW=s motion to compel a deposition.  Richardson also requests this court to
sanction DFW for discovery abuses.  

In order
to determine if the trial court erred in granting the motion for summary
judgment, we must consider the summary judgment evidence in the light most
favorable to the non-movant, indulging all reasonable inferences in favor of
the non-movant, in order to determine whether the movants proved that there was
no genuine issue of material fact and that they were entitled to judgment as a
matter of law.  See Nixon v. Mr.
Property Management Company, Inc., 690 S.W.2d 546 (Tex.1985); City of Houston
v. Clear Creek Basin Authority, 589 S.W.2d 671 (Tex.1979).  Because, the trial court did not specify
which ground it relied upon to grant the summary judgment, we will affirm the
summary judgment Aif any
of the theories advanced are meritorious.@  State Farm Fire & Casualty
Company v. S.S. & G.W., 858 S.W.2d 374, 380 (Tex.1993);  Carr v. Brasher, 776 S.W.2d 567, 569
(Tex.1989).  

In the
motion for summary judgment, DFW asserted that it was immune from suit because
Richardson=s allegations did not fall under the limited
waiver provisions of the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE
ANN. ch. 101 (Vernon 1997 & Supp. 2003). 
Under the doctrine of sovereign immunity, a governmental unit is
protected from suit unless immunity has been specifically waived by the
legislature by clear and unambiguous language. 
TEX. GOV=T CODE ANN. ' 311.034 (Vernon Supp. 2003); Dallas County Mental Health and Mental
Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex.), cert. den=d, 525 U.S. 1017 (1998).  In
order to address this issue, we must determine the scope of waiver from the
terms of the Texas Tort Claims Act and then determine whether the particular
facts of this case are within that scope. 
Texas Department of Criminal Justice v. Miller, 51 S.W.3d 583, 587
(Tex.2001); see Dallas County Mental Health and Mental Retardation v. Bossley,
supra.  








Section
101.0215 provides that the operation of a municipal airport is a governmental
function to which Chapter 101 applies. 
Section 101.021(2) provides that a governmental unit is liable for Apersonal injury and death so caused by a
condition or use of tangible personal or real property@ if, under the same circumstances, a private
person would be liable under Texas law. 
Section 101.022(a) provides that, if a claim arises from a premises
defect, Athe governmental unit owes to the claimant
only the duty that a private person owes to a licensee on private property,
unless the claimant pays for the use of the premises.@ 
Under Sections 101.056 and 101.060, however, immunity is retained under
certain circumstances.  Immunity is
retained under Section 101.056 for discretionary acts if the law leaves the
performance or nonperformance of the act to the discretion of the governmental
unit.  Section 101.060(a) provides in
relevant part that immunity is not waived for a claim arising from: 

(1) the failure of a governmental unit initially to place
a traffic or road sign, signal, or warning device if the failure is a result of
discretionary action of the governmental unit; [or]

 

(2) the
absence, condition, or malfunction of a traffic or road sign, signal, or
warning device unless the absence, condition, or malfunction is not corrected
by the responsible governmental unit within a reasonable time after
notice.  

 

Richardson
alleged in his second amended petition that an employee of DFW advised him that
he must obtain an airport toll passkey in order to pick up customers at the
airport.  Richardson was instructed to
obtain the passkey from the DFW Airport Business Center.  Richardson subsequently went to the business
center and parked in the parking garage. 
While in the parking garage, Richardson entered the crosswalk after
checking to make sure that there were no cars in view.  While crossing, he heard a car coming and noticed
that it was traveling at an extremely high rate of speed down the exit lane.  Richardson=s immediate reaction was to run so as to avoid being struck by the
car.  As he scrambled out of the path of
the speeding car, Richardson heard a loud pop and suffered excruciating pain.  Richardson=s left knee was injured in the incident.  








Richardson
asserted that DFW was negligent for failing to maintain the premises in a
reasonably safe condition, for locking the traffic control arms in an upright
position, for failing to properly use the facilities to safely regulate traffic,
for failing to provide adequate warning signs for motorists and pedestrians,
for failing to maintain the traffic control device, for failing to inspect for
dangerous conditions, for failing to exercise reasonable care, for failing to
maintain control over the premises, for failing to exercise due care in the
operation of the traffic control device, and for failing to provide a
pedestrian safety zone.  Richardson also
asserted that DFW=s
misuse of the traffic control arm created a premises defect.  

DFW=s summary judgment proof showed that, prior
to the occurrence of Richardson=s injury, DFW had not received notice of any absence, condition, or
malfunction of a traffic or road sign, signal, or warning device in the
business center parking garage.  DFW=s summary judgment proof also showed that the
gate arms located near the crosswalk in the parking garage were Afully-functional@ but were Adeliberately locked in the >up= position to facilitate the ingress and
egress of garage traffic.@  Additionally, DFW showed that
the crosswalk was maintained in accordance with applicable laws and regulations
and that yellow reflective pedestrian-crossing signs were located in the
parking garage above the entrance and exit lanes that intersect the crosswalk.  

We hold that
the trial court properly granted summary judgment for DFW because immunity has
not been waived.  None of Richardson=s claims fell within the limited waiver
provisions of the Texas Tort Claims Act. 
The summary judgment proof showed that neither the premises nor the
traffic control device was defective. 
See Laman v. Big Spring State Hospital, 970 S.W.2d 670 (Tex.App. -
Eastland 1998, pet=n den=d). 
The proof showed, instead, that the gate was intentionally locked in the
up position.  The decision to lock the
gate in the up position was a discretionary act for which DFW was entitled to
immunity under Section 101.056.  See,
e.g., State v. Miguel, 2 S.W.3d 249 (Tex.1999).  Furthermore, pursuant to Section 101.060(a), DFW was entitled to
immunity with respect to Richardson=s claims regarding the adequacy and the placement of the warning signs
and the crosswalk.  

We have
considered all of Richardson=s arguments relevant to the propriety of the summary judgment, and we
hold that summary judgment was appropriate. 
Consequently, we need not address Richardson=s other points of error.  TEX.R.APP.P. 47.1.  Furthermore, this court has no authority to grant Richardson=s request to impose sanctions upon DFW for
discovery abuses.  

The
judgment of the trial court is affirmed. 


 

W. G.
ARNOT, III

CHIEF
JUSTICE 

 

July 17, 2003

Not designated for
publication.  See TEX.R.APP.P. 47.2(a).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J. 











[1]Greselda Richardson was originally included in the
notice of appeal as an appellant, but she subsequently filed in this court a
motion to withdraw her notice of appeal. 
This court granted that motion on January 30, 2003.