**Roel VELA, Appellant,**

v.

**CITY OF McALLEN, Appellee.**

No. 13–93–282–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 16, 1995.

George P. Powell, Hinojosa & Powell, McAllen, for appellant.

Roberto D. Guerra, Kathleen Henley, McAllen, for appellee.

Before SEERDEN, C.J., and DORSEY and HINOJOSA, JJ.

## OPINION

SEERDEN, Chief Justice.

This is an appeal from an order granting summary judgment in favor of appellee, the City of McAllen. By two points of error, appellant, Roel Vela, complains: (1) the trial court erred in granting summary judgment without first addressing the City's special exceptions, and (2) the trial court erred in granting summary judgment on the basis that the City is protected by sovereign immunity. We reverse in part and remand.

In July 1991, bystanders found appellant lying on the pavement in front of a bus station in McAllen, Texas and called an ambulance. Emergency technicians arrived, examined appellant, and found that he emitted a strong odor of alcohol and had a minor abrasion on his forehead. Appellant refused any medical treatment. The McAllen police took appellant into custody on a public intoxication charge.

Appellant's son informed the police that appellant suffered from epileptic seizures and was about five hours late in taking his medication. While appellant was being fingerprinted in the booking room, he fell, hitting his face and nose on a metal stool and then suffering a seizure on the floor. Appellant allegedly sustained injuries from this incident.

Appellant filed suit against the City of McAllen, seeking to recover damages and asserting claims of negligence, premises defect, and constitutional deprivation of liberty and property rights without due process. In response, the City filed special exceptions, along with its answer and affirmative defense of sovereign immunity. The City did not request the trial court to rule on its special exceptions.

The City then filed a motion for summary judgment on the affirmative defense of sovereign immunity, attaching affidavits and deposition excerpts as summary judgment evidence. Appellant timely filed his response, and the trial court granted the City's motion.

Appellant now appeals, contending the court erred in granting summary judgment because (i) the trial court should have first addressed the City's special exceptions before considering summary judgment, and (ii) the City waived sovereign immunity on appellant's negligence and premises defect claims. Although appellant alleged premises defect in his appellate brief, he did not do so in his summary judgment response. Issues not expressly presented to the trial court may not be considered on appeal as grounds for reversal of a summary judgment. *State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex.1986); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 675 (Tex.1979). Thus, we can consider only the two complaints raised in both appellant's brief and summary judgment response: (i) the trial court failed to address the City's special exceptions, and (ii) the City waived its immunity on appellant's negligence claim.

We will first address appellant's complaint concerning the City's waiver of immunity. By his second point of error,

appellant contends that his negligence claim falls within the purview of a waiver provision under the Texas Tort Claims Act; thus, the City waived its immunity from liability on that claim. In reviewing the summary judgment record before us, we will apply the following standards: The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). In deciding whether there is a disputed material fact issue precluding summary judgment, we will consider evidence favorable to the nonmovant as true. *Id.* Further, we will indulge every reasonable inference in favor of the nonmovant and resolve any doubts in his favor. *Id.*

■ Here, the City asserted in its motion that summary judgment should be granted on the basis of the affirmative defense of sovereign immunity. As such, the City had the burden to conclusively prove that it was entitled to this defense. *Wheeler v. Yettie Kersting Memorial Hosp.*, 866 S.W.2d 32, 45 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Mitchell v. Sheppard Memorial Hosp.*, 797 S.W.2d 144, 147 (Tex.App.—Austin 1990, writ denied). Although the City did not submit summary judgment evidence in support of its defense, we find that appellant's pleadings provide the necessary support. Appellant pleaded that the City is a municipality of this state. Assertions of fact in the live pleadings of a party, not pleaded in the alternative, are regarded as formal judicial admissions. *Houston First American Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex.1983); *Galvan v. Public Util. Bd.*, 778 S.W.2d 580, 583 (Tex.App.—Corpus Christi 1989, no writ). Any judicially admitted fact is conclusively established without the necessity of other evidence. *Id.* Even though pleadings may not constitute proof in summary judgment proceedings, the pleadings do constitute judicial admissions, which in effect waive proof. *Galvan*, 778 S.W.2d at 583. Thus, the City conclusively established its status as a municipality.

■ As a municipality, the City is considered a political subdivision of the State of Texas. TEX.CIV.PRAC. & REM.CODE ANN. § 101.001(2)(B) (Vernon Supp.1994). The functions of a municipal entity fall into one of two categories: governmental or proprietary functions. *Houston v. Southwest Concrete Constr., Inc.*, 835 S.W.2d 728, 730–31 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Those functions, which the municipality carries out as an arm of the state for the purpose of serving the general public, are termed "governmental functions." *Id.* at 730; *see* TEX.CIV.PRAC. & REM.CODE ANN. § 101.0215(a) (Vernon Supp.1994). Police protection and control are considered governmental functions. TEX.CIV.PRAC. & REM.CODE ANN. § 101.0215(a)(1) (Vernon Supp.1994). When functioning in the capacity of providing police protection and control, a municipality is afforded state sovereign immunity. *Id.* We find that the City, in its summary judgment motion, established its status as a municipality protected by sovereign immunity; thus, the City established its right to summary judgment on its sovereign immunity defense as a matter of law. *See Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 31 (Tex.1983) (establishing status as political subdivision of the state protected by sovereign immunity); *Wheeler*, 866 S.W.2d at 45 (establishing status as county hospital and political subdivision of the state protected by sovereign immunity); *Weeks v. Harris County Hosp. Dist.*, 785 S.W.2d 169, 170 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

■ Once the City conclusively established its right to summary judgment on its defense, appellant then had the burden to raise a fact issue precluding summary judgment. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678. Sovereign immunity is not absolute and can be waived. TEX.CIV.PRAC. & REM.CODE ANN. § 101.025 (Vernon 1986). A municipality, functioning in the capacity of providing police protection and control, is afforded state sovereign immunity except to the extent the state has waived the municipality's immunity under the Texas Tort Claims Act. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.001 et seq. (Vernon 1986 & Supp.1994). The Act sets forth various waiver provisions, permit-

ting an injured plaintiff to recover damages from a municipality if the plaintiff's cause of action falls within the purview of one of these waiver provisions. *Id.; Salcedo,* 659 S.W.2d at 31. Here, to preclude summary judgment, appellant had the burden to come forward with sufficient facts to bring his cause of action within one of the statutory waiver provisions under the Act. *Wheeler,* 866 S.W.2d at 45. To that end, appellant argued that his negligence claim falls within § 101.021(2) of the Act, which provides in pertinent part:

> A governmental unit in the state is liable for:
>
> .    .    .    .    .
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986).

Appellant alleged in his second amended petition:

> The policemen who were booking the [appellant] negligently and improperly used the booking room; particularly, regarding the placement of the stool. Prior to . . . his being booked, the police were aware of the [appellant's] need for medication and his condition. The booking officer . . . failed to use the property in such a way to avoid [appellant] being injured. The improper use of the property proximately caused the injuries to [appellant].

The gist of appellant's negligence claim is that the booking officer's placement of the stool was equivalent to "use" of the booking room and that the officer negligently or improperly "used" the room because he failed to "use" it in such a manner as to avoid injury to appellant. When, as in this case, a motion for summary judgment is directed solely at the facts alleged in the pleadings, we will accept as true every allegation in appellant's pleadings against which the motion is directed. *See, e.g., Adamo v. State Farm Lloyds Co.,* 853 S.W.2d 673, 676 (Tex. App.—Houston [14th Dist.] 1993, writ denied); *Abbott v. City of Kaufman,* 717 S.W.2d 927, 929 (Tex.App.—Tyler 1986, writ dism'd w.o.j.); *Gottlieb v. Hofheinz,* 523 S.W.2d 7, 10 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dism'd w.o.j.).

■ In determining whether appellant raised a fact issue precluding summary judgment, we must consider whether the booking officer's "use" of the booking room falls within the realm of "use" of personal property as contemplated in § 101.021(2) of the Act. "Use" has been defined in the context of the Act as "to put or bring into action or service; to employ for or apply to a given purpose." *Salcedo,* 659 S.W.2d at 33 (interpreting "use" in the context of TEX.REV.CIV.STAT.ANN. ART. 6252–19, § 3, repealed, now § 101.021(2) of the Texas Tort Claims Act). Here, the booking room was employed for the purpose of booking persons taken into custody; the booking room was "used" for booking purposes. "Use" of the room may include arranging furniture to facilitate the booking process. It is foreseeable that an individual in the booking room may be injured if the booking room is not properly nor safely arranged. This would be true particularly if the individual had some known medical condition or impairment, such as epilepsy. Conceivably, negligent or improper "use" of a room may very well cause personal injury.

■ We find that the booking officer's "use" of the booking room was equivalent to the "use" of personal property as contemplated in § 101.021(2). *Compare Robinson v. Central Texas MHMR Ctr.,* 780 S.W.2d 169, 171 (Tex.1989) (holding that hospital's failure to provide epileptic and mentally retarded patient with a life preserver to be used as part of his swimming attire, brought the case under § 101.021(2)) *and Lowe v. Texas Tech Univ.,* 540 S.W.2d 297, 300 (Tex.1976) (holding that university's failure to provide football player with proper protective gear to be used as part of his football uniform, brought the case under § 101.021(2)) *with Overton Memorial Hosp. v. McGuire,* 518 S.W.2d 528, 529 (Tex.1975) (holding that the hospital's failure to provide patient with a hospital bed with side rails, brought the case under § 101.021(2)).

██ If appellant's pleadings, when liberally construed, sufficiently raise a fact issue, then the trial court improperly granted summary judgment. *Abbott,* 717 S.W.2d at 929; *Gottlieb,* 523 S.W.2d at 10. We find that appellant's pleadings sufficiently raised a fact issue as to whether appellant's negligence claim falls under the § 101.021(2) waiver provision of the Act and, thus, whether the City waived its immunity. Accordingly, we hold that the trial court erred in granting summary judgment on appellant's negligence claim. We sustain that part of appellant's second point of error pertaining to his negligence claim.

By his first point of error, appellant alleges the trial court erred in granting summary judgment without first addressing the City's special exceptions. Appellant argues that if the court found his pleadings to be insufficient, he should have been allowed to replead with greater specificity; only after he had been given the opportunity to replead would it have been appropriate for the court to consider summary judgment. We review this point only to the extent that it was raised in appellant's summary judgment response. *See, e.g., Westland Film Indus.,* 705 S.W.2d at 696; *Clear Creek Basin Auth.,* 589 S.W.2d at 675. In his response, appellant raised this complaint only as it applied to his negligence claim. In light of our holding in appellant's second point of error, this point is now moot.

We REVERSE only that part of the trial court's summary judgment order pertaining to appellant's negligence claim and REMAND that cause for further proceedings.