**Maria RENTERIA, Individually and on Behalf of Jesus Renteria, A Minor Child, Appellant,**

**v.**

**HOUSING AUTHORITY OF THE CITY OF EL PASO, Texas, Appellee.**

No. 08–01–00331–CV.

Court of Appeals of Texas, El Paso.

Sept. 26, 2002.

Rehearing Overruled Nov. 27, 2002.

James F. Scherr, Scherr & Legate, P.C., El Paso, for Appellant.

Edward Dunbar, Dunbar, Armendariz, Crowley & Hegeman, El Paso, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Maria Renteria, individually and on behalf of Jesus Renteria, a minor child (the Renterias), appeal from the trial court's order granting a plea to the jurisdiction in favor of the Housing Authority of the City of El Paso, Texas, based upon governmental immunity from suit. At issue is whether the Texas Tort Claims Act waives immunity for the tragic sexual molestation of a child which occurred at a housing project. Finding no waiver of immunity, we affirm.

### FACTUAL SUMMARY

The following allegations are taken from the Renterias' pleadings and evidence they

submitted in response to the plea to the jurisdiction. Maria Renteria lived with her ten-year-old son, Jesus Renteria, at the Machuca Housing Project in El Paso, Texas. The Housing Authority, which owns and operates the housing project, had a policy which prohibited convicted criminals from residing on the premises yet it permitted Enrique Martinez, a convicted sex offender, to occupy the premises.[1] On October 29, 1999, Martinez molested Jesus, who was playing on the housing project premises. The Renterias filed suit under the Texas Tort Claims Act alleging negligence, fraud, misrepresentation, negligent misrepresentation, intentional infliction of emotional distress, trespass, assault, and breach of the Housing Authority's representations that the housing project was safe.

The Housing Authority filed a plea to the jurisdiction alleging that the court lacked subject matter jurisdiction due to governmental or sovereign immunity. The trial court granted the plea and dismissed the Renterias' suit. The following day, the Renterias filed a motion for leave to file supplemental evidence and a supplemental response to the plea to the jurisdiction. They also filed a motion for new trial. The trial court permitted the Renterias to file supplemental evidence and a response, but it denied the motion for new trial.

## GOVERNMENTAL IMMUNITY FROM SUIT

In the sole issue presented for review, the Renterias challenge the trial court's order granting the plea to the jurisdiction. They contend that sovereign immunity is waived or unavailable for the following reasons: (1) their claims arise from the Housing Authority's negligent implementation of its policies and use of real property; (2) the Housing Authority is liable for failing to warn of or correct a clearly foreseeable danger on the premises of which it had actual knowledge and which created an unreasonable risk of harm; and (3) the Housing Authority is liable for violating its ministerial duties.

### Plea to the Jurisdiction

The lack of subject-matter jurisdiction is properly raised by a plea to the jurisdiction. *Texas Department of Transportation v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). In the absence of the state's consent to suit, a trial court lacks subject matter jurisdiction. *Id.* The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction. *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 446 (Tex.1993); *City of Midland v. Sullivan*, 33 S.W.3d 1, 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.). In the context of suit against a governmental unit, the plaintiff must allege consent to suit either by reference to statute or express legislative permission. *Jones*, 8 S.W.3d at 638; *Sullivan*, 33 S.W.3d at 6.

### Standard of Review

The question of subject-matter jurisdiction is a legal question which we review *de novo*. *Sullivan*, 33 S.W.3d at 6. Our task is to examine the pleadings, to take as true the facts pled, and to determine whether those facts support jurisdiction in the trial

---

1. Although the Housing Authority acknowledges that Renteria's allegations are presumed true for purposes of this appeal, it maintains that Martinez was not a tenant and did not live on the premises. The Renterias offered evidence in response to the plea to the jurisdiction showing that the Housing Authority had denied Martinez's application to become a tenant due to his criminal record. However, Martinez was permitted to visit his wife who was a tenant.

court. *Texas Association of Business,* 852 S.W.2d at 446. We construe the pleadings in favor of the pleader. *Id.* If necessary, we may review the entire record to determine if there is jurisdiction. *Id.* If the petition does not allege jurisdictional facts, the plaintiff's suit is subject to dismissal only when it is impossible to amend the pleadings to confer jurisdiction. *Id.*

### The Tort Claims Act

As a governmental unit, the Housing Authority of the City of El Paso is immune from both suit and liability unless the Tort Claims Act has waived that immunity. *See* Tex.Loc.Gov't Code Ann. § 392.006 (Vernon 1999).[2] Section 101.021 of the Tort Claims Act has been interpreted as waiving sovereign immunity in three general areas: "use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Texas Department of Transp. v. Able,* 35 S.W.3d 608, 611 (Tex.2000), *quoting Lowe v. Texas Tech University,* 540 S.W.2d 297, 298 (Tex. 1976). Pursuant to Section 101.021, a governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1997).

### Condition or Use of Tangible Personal or Real Property and Negligent Implementation of Policies

■ The Renterias rely upon Section 101.021(2) to establish a waiver of immunity, alleging that their injuries were proximately caused by negligent actions involving a condition or use of real property or tangible personal property. In their view, the Machuca Housing Project was "used" to provide housing and the playground facilities were "used" to provide recreation, entertainment, and enjoyment to all tenants. By authorizing Martinez to be on the premises through the negligent implementation of its habitation policy, the Housing Authority affected the Renterias' use of the real property and the Housing Authority used the premises to create a risk of harm to the minor children.

We will first consider the argument regarding the negligent implementation of the habitation policy. Citing the *City of Waco v. Hester,* 805 S.W.2d 807, 812 (Tex. App.-Waco 1990, writ denied), the Renterias argue that immunity is waived based upon the Housing Authority's negligent implementation of its habitation policies. In *Hester,* a former inmate sued the city

---

2.  Section 392.006 of the Texas Local Government Code provides:

    For all purposes, including the application of the Texas Tort Claims Act (Chapter 101, Civil Practice and Remedies Code), a housing authority is a unit of government and the functions of a housing authority are essential governmental functions and not proprietary functions. Provided, however, a housing authority shall be subject to all landlord obligations and tenant remedies, other than a suit for personal injuries, as set forth in any lease or rental agreement and in Chapters 24, 54, 91, and 92 of the Property Code.

    Tex.Loc.Gov't Code Ann § 392.006.

and police chief after he was assaulted in the jail by another inmate. *Hester*, 805 S.W.2d at 809. A jury determined that the city's negligent implementation of policies concerning the use of tangible personal or real property proximately caused Hester's injuries. *Id.* at 813. The Waco Court of Appeals concluded that the following property was "used:" (1) the room in which the attack took place; (2) the closed steel door that deterred proper surveillance; and (3) the television set the guards were known to watch instead of surveillance monitors. *Id.* at 815.

Other courts have refused to follow *Hester*. *See Tarrant County Hospital District v. Henry*, 52 S.W.3d 434, 442 (Tex. App.-Fort Worth 2001, no pet.)(declining to follow *Hester*); *Scott v. Prairie View A & M University*, 7 S.W.3d 717, 720 (Tex. App.-Houston [1st Dist.] 1999, pet. denied)(stating that the day room and door were not defective and were too attenuated from the actual injury to be considered the proximate cause of the inmate's injury); *Laman v. Big Spring State Hospital*, 970 S.W.2d 670, 672 (Tex.App.-Eastland 1998, pet. denied)(refusing to follow *Hester* to the extent it holds that a room is personalty or that a cause of action will lie for the negligent use of real property and noting that *Hester* is better supported by the court's reasoning that the television set was tangible personal property). We agree with these assessments of *Hester*. Moreover, *Hester* does not hold that the negligent implementation of policy is sufficient, standing alone, to waive immunity. The policy and its negligent implementation must be tied to the real or tangible personal property. We must next consider whether the Renterias' pleadings satisfy that requirement.

■ A cause of action based upon the negligent use of real property or a cause of action involving a condition of real property does not exist separately from a cause of action for a premises defect. *Laman*, 970 S.W.2d at 671–72; *University of Texas–Pan American v. Valdez*, 869 S.W.2d 446, 450 (Tex.App.-Corpus Christi 1993, writ denied). The term "premises" has been defined as a building or part thereof with its grounds and appurtenances; and "defect" has been defined as a shortcoming, an imperfection, or the "want of something necessary for completeness." *Laman*, 970 S.W.2d at 672; *Billstrom v. Memorial Medical Center*, 598 S.W.2d 642, 646 (Tex.Civ.App.-Corpus Christi 1980, no writ).

■ The Renterias have not stated a cause of action for a premises defect because they have not alleged a defect, shortcoming, or physical imperfection of the Machuca Housing Project or the playground. *See Laman*, 970 S.W.2d at 672 (immunity not waived for cause of action based upon sexual assault of female psychiatric patient who had been temporarily placed in men's hall and left in unlocked room because property does not cause injury if it does no more than furnish the condition that makes the injury possible). Nor have they alleged a condition or use of real property or tangible personal property[3] within the meaning of Section 101.021(2). In order to state a claim for which immunity is waived, usage of the property itself must have actually caused the injury. *Texas Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001); *Texas Natural Resource Conservation Commission v. White*, 46 S.W.3d 864, 869 (Tex.2001). The use of the property

---

**3.** The Renterias' pleadings do not clearly identify what items of tangible personal property caused their injuries. The only property identified in the pleadings is the playground on which the assaults occurred. The playground is part of the real property.

must be a "substantial factor in bringing about the injury." *San Antonio State Hospital v. Koehler*, 981 S.W.2d 32, 35 (Tex.App.-San Antonio 1998, pet. denied). Incidental involvement of the property is insufficient. *See Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998), *cert. denied*, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998); *Sullivan*, 33 S.W.3d at 8. Property does not cause injury if it does no more than furnish the condition that makes injury possible. *Bossley*, 968 S.W.2d at 343; *Sullivan*, 33 S.W.3d at 8.

At best, the Renterias' petition alleges that the property is merely involved. While the molestation of Jesus Renteria occurred on the project's playground, the property itself did not cause the Renterias' injuries. Consequently, the trial court did not err in granting the Housing Authority's plea to the jurisdiction with respect to these claims. *See Scott*, 7 S.W.3d at 720 (although sexual assault of participants in summer youth program by counselor occurred in a hotel room rented by university and at dormitory at university, the injury was not caused by condition or use of tangible personal or real property); *Laman*, 970 S.W.2d at 671–72.

### Failure to Warn of Dangerous Condition on Premises

The Renterias also argue that the sex offender registration program[4] imposed a duty on the Housing Authority to warn its tenants of Martinez's presence on the premises. This claim is raised for the first time on appeal. We can find no error in the dismissal of a claim which was never pled. And we reiterate that the Renterias failed to allege that a defect, shortcoming, or imperfection existed on the housing authority property. Even if the pleadings could be said to state this claim, it constitutes a claim of non-usage of property which does not fall within the limited waiver of sovereign immunity contained in Section 101.021(2). *See Lamar University v. Doe*, 971 S.W.2d 191, 196–97 (Tex.App.-Beaumont 1998, no pet.)(parents alleged that their minor children were photographed and videotaped in explicit sexual poses by university student in his dormitory room and that university knew of student's pedophilic propensity but nonetheless continued to rent room to him; parents' claim that university was negligent by failing to warn and failing to protect minor appellees was based upon a non-use of property).

### Violation of Ministerial Duties

The Renterias next complain that the Housing Authority breached a ministerial duty because the housing manager failed to enforce the policy to exclude convicted sex offenders from the premises. They argue that the implementation of discretionary policy decisions at the subordinate or operational level is a ministerial function not shielded by immunity. The Housing Authority counters that the alleged failure of the housing authority manager must relate to one of the three circumstances under Section 101.021 for which immunity is waived. We agree. Because we have already concluded that the Renterias' pleadings do not allege a waiver of immunity under Section 101.021, this argument is without merit. Their sole issue on appeal is overruled; the order of the trial court granting the plea to the jurisdiction and dismissing suit is affirmed.

---

4.  *See* Tex.Code Crim.Proc.Ann. art. 62.01–62.13      (Vernon Pamph.2002).