Maria Theresa NUNEZ, Individually and on Behalf of the Estate of Ignacio Nunez, and Elizabeth Reyther As Next Friend of Jared Nunez, A Minor, Appellants,

v.

CITY OF SANSOM PARK, Texas, Appellee.

No. 2–05–293–CV.

Court of Appeals of Texas, Fort Worth.

June 29, 2006.

Bart Behr, San Marcos, for Appellant.

Taylor, Olson, Adkins, Sralla & Elam, L.L.P., Tim G. Sralla, and Wayne K. Olson, Fort Worth, for Appellee.

Panel B: LIVINGSTON, HOLMAN, and McCOY, JJ.

## OPINION

BOB McCOY, Justice.

### I. INTRODUCTION

Appellants Maria Theresa Nunez, individually and on behalf of the estate of Ignacio Nunez, and Elizabeth Reyther, as next friend of Jared Nunez, a minor appeal from the trial court's judgment granting a plea to the jurisdiction in favor of Appellee City of Sansom Park, Texas (the "City"). In a single issue, Appellants complain that the trial court erred by granting the City's plea because they alleged facts establishing a waiver of the City's governmental immunity from suit under the Texas Tort Claims Act ("TTCA").[1] Because we hold that the City's immunity from suit has not been waived, we affirm the trial court's judgment.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Appellants alleged in their second amended petition that the Sansom Park Police Department detained Nunez's son, Ignacio, on July 19, 2004 for public intoxication. Ignacio was taken to the Sansom Park City Jail for booking at 9:00 p.m., and officers placed Ignacio in a jail cell at approximately 9:30 p.m. The officers failed to remove Ignacio's shoestrings from him despite a written policy requiring the arresting or booking officer to remove all items of personal property from the arrested person, including shoestrings. At 6:00 a.m. the following morning, officers discovered that Ignacio had hanged himself using his shoestrings, which were at-tached to the top of a bunk bed in the jail cell.

Appellants sued the Sansom Park Police Department[2] and the City of Sansom Park, Texas, alleging that Ignacio's death was caused by a condition or use of tangible personal or real property and that the City was liable pursuant to section 101.021(2) of the TTCA. See TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2). Specifically, they alleged that the City was negligent by failing to follow written booking procedures, failing to remove Ignacio's shoestrings, failing to reasonably monitor Ignacio after placing him in the cell, placing Ignacio in a jail cell that was not easily monitored, and using the jail cell and bunk bed in violation of written policy. The City filed a plea to the jurisdiction, arguing that it was immune from suit because Appellants' petition failed to state a claim within the limited waiver of the TTCA. The trial court subsequently granted the plea, and this appeal followed.

### III. WAIVER OF GOVERNMENTAL IMMUNITY

In their sole issue, Appellants argue that the trial court erred by granting the City's plea to the jurisdiction because "it is not readily apparent from the pleadings ... that [the City's] claims are barred as a matter of law by ... sovereign immunity." They argue that the City's negligent "use" of the shoestrings in conjunction with the bunk bed and jail cell room amounts to a waiver of immunity pursuant to section 101.021(2) of the TTCA. The City responds that none of Appellants' allegations state a claim within the TTCA's limited waiver of immunity.

#### A. Plea to the Jurisdiction

■ A plea to the jurisdiction challenges the trial court's authority to deter-

---

1. See TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.109 (Vernon 2005).

2. Appellants subsequently dismissed the police department as a party.

mine the subject matter of the action. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). Whether the trial court had subject matter jurisdiction is a question of law that we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). In determining whether the plaintiff has met this burden, we look to the allegations in the pleadings, accept them as true, and construe them in favor of the pleader. *Id.; Tex. Dep't of MHMR v. Lee,* 38 S.W.3d 862, 865 (Tex.App.-Fort Worth 2001, pet. denied). We must also consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised. *Bland ISD v. Blue,* 34 S.W.3d 547, 555 (Tex.2000). Neither party presented any evidence to the trial court. We therefore look solely to Appellants' pleadings to determine the jurisdictional question.

### B. Immunity and the TTCA

 Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the State expressly consents to the suit. *Jones,* 8 S.W.3d at 638. Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts. *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex.2004); *see Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694, n. 3 (Tex. 2003) (recognizing that courts often use the terms sovereign immunity and governmental immunity interchangeably). The TTCA provides a limited waiver of immunity, allowing suits to be brought against government units in certain, narrowly defined circumstances. *Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001); *see also Dallas County*

*MHMR v. Bossley,* 968 S.W.2d 339, 341 (Tex.) (recognizing that the Legislature intended the waiver in the TTCA to be limited), *cert. denied,* 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998). Mere reference to the TTCA does not establish consent to be sued. *Miller,* 51 S.W.3d at 587. The plaintiff must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. *Id.*

The TTCA provides that a governmental unit is liable for

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021. Only section 101.021(2) is relevant to this appeal.

 "Use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Miller,* 51 S.W.3d at 588; *Archibeque v. N. Tex. State Hosp.-Wichita,* 115 S.W.3d 154, 158 (Tex. App.-Fort Worth 2003, no pet.). A governmental unit does not "use" personal property merely by allowing someone else to use it and nothing more. *San Antonio State Hosp. v. Cowan,* 128 S.W.3d 244, 246 (Tex.2004). To state a claim for which immunity is waived, a plaintiff must allege that usage of the property itself actually

caused the injury. *Miller*, 51 S.W.3d at 588; *Renteria v. Housing Auth. of the City of El Paso*, 96 S.W.3d 454, 458 (Tex. App.-El Paso 2002, pet. denied). The use must have proximately caused the injury or death; mere involvement of the property is insufficient. *Bossley*, 968 S.W.2d at 343; *Archibeque*, 115 S.W.3d at 159. "Requiring only that a condition or use of property be involved would conflict with the Act's basic purpose of waiving immunity only to a limited degree." *Bossley*, 968 S.W.2d at 343. "Property does not cause injury if it does no more than furnish the condition that makes the injury possible." *Id.*

## C. Analysis—Condition or Use of Tangible Personal or Real Property

Appellants' allegations involve four items of tangible property: the shoestrings, the bunk bed, the jail cell, and video surveillance equipment.[3] Appellants make no allegation regarding the condition of the items of property, only their use.

### 1. Shoestrings and Bunk Bed

■ The City did not "use" the shoestrings and bunk bed as contemplated by the TTCA. Appellants' pleadings show that Ignacio arrived at the jail with his shoestrings, and the officers failed to remove them from him. The bunk bed was located in the jail cell. The City did not "use" the bunk bed or the shoestrings by simply allowing Ignacio to use those items of tangible property and nothing more. "If

all 'use' meant were 'to make available,' the statutory restriction would have very little force." *Cowan*, 128 S.W.3d at 246. Moreover, the presence of the shoestrings and bunk bed in Ignacio's cell did no more than furnish the condition that made Ignacio's death possible. *See Bossley*, 968 S.W.2d at 343. Appellants' allegations that the City used the shoestrings and bunk bed are too attenuated from his death to be said to have caused it.[4]

Appellants rely in part on *Robinson v. Central Texas MHMR Center*, 780 S.W.2d 169 (Tex.1989), and *Lowe v. Texas Tech University*, 540 S.W.2d 297 (1976), as support for their argument that the City has waived its immunity. In *Robinson*, immunity was waived for a claim that a mentally challenged patient was allowed to swim without a life preserver. *Robinson*, 780 S.W.2d at 171. In *Lowe*, immunity was waived for a football player's claim that a coach required him to play without a knee brace. *Lowe*, 540 S.W.2d at 300. The supreme court has stated that the precedential value of *Robinson* and *Lowe* is "limited to claims in which a plaintiff alleges that a state actor has provided property that lacks an integral safety component and that the lack of this integral safety component led to the plaintiff's injuries." *Cowan*, 128 S.W.3d at 247; *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 585 (Tex. 1996).

---

**3.** Appellants make no argument throughout their entire brief regarding the video surveillance equipment. We therefore do not address it in our analysis. *See* TEX.R.APP. P. 47.1.

**4.** Appellants alleged in their pleadings that the officers' failure to remove Ignacio's shoestrings constituted a negligent implementation of policy. They do not argue this on appeal. *See Guadalupe–Blanco River Auth. v. Pitonyak*, 84 S.W.3d 326, 342 (Tex.App.-Corpus Christi 2002, no pet.) (reasoning that an assertion of the negligent implementation the-

ory of liability arises only after a plaintiff has established a waiver of immunity under section 101.021 of the TTCA).

Appellants also alleged that "[Ignacio] was placed in a cell that had no/limited video surveillance available. Other cells in the jail had surveillance equipment readily available." They make no argument on appeal regarding the absence of video surveillance equipment. *See Miller*, 51 S.W.3d at 587 (reasoning that the nonuse of property cannot support a claim under the TTCA).

Appellants argue that "it would seem obvious that immunity is similarly waived where a state actor uses property (normally safe property by itself) with a harmful component (as opposed to withholding a safety component) and the addition of the harmful [component] leads to the plaintiff's injury." But we are not inclined to expand upon the supreme court's express limitation of *Robinson* and *Lowe.* Consequently, because Appellants' claims do not fall within the scope of those cases, they are inapposite. Accordingly, Appellants' allegations about the shoestrings and bunk bed are insufficient to state a claim within section 101.021(2)'s waiver of immunity.

## 2. Jail Cell

Appellants argue that the City "used" the jail cell, which is a room apparently within the Sansom Park City Jail. They cite *Vela v. City of McAllen,* 894 S.W.2d 836 (Tex.App.-Corpus Christi 1995, no writ), *City of Waco v. Hester,* 805 S.W.2d 807 (Tex.App.-Waco 1990, writ denied), and *Martinez v. City of Brownsville,* No. 13–00–00425–CV, 2001 WL 1002399 (Tex. App.-Corpus Christi Aug. 31, 2001, pet. denied) (not designated for publication), as support for their argument that the City "used" the jail cell—a room. The court in *Vela* held that the "use" of a booking room and the placement of a stool therein was equivalent to the "use" of personal property as contemplated by section 102.021(2). *Vela,* 894 S.W.2d at 840. The *Hester* court determined that a room in which the plaintiff was assaulted and a television set that the guards watched were "used" within the meaning of the TTCA. *Hester,* 805 S.W.2d at 815. *Martinez* relies on *Vela* and *Hester* for the proposition that government employees can "use" a room for purposes

of the TTCA. *Martinez,* 2001 WL 1002399, at *7.

This court declined to follow both *Vela* and *Hester* in *Tarrant County Hospital District v. Henry,* 52 S.W.3d 434, 442 n. 23, 444 (Tex.App.-Fort Worth 2001, no pet.). Other courts have done the same. *See Scott v. Prairie View A & M Univ.,* 7 S.W.3d 717, 720 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (disagreeing in part with *Hester's* reasoning and holding that the room where the plaintiff was attacked was not defective in some capacity and was "too attenuated from the actual injury to be considered the proximate cause of Hester's injury"); *Laman v. Big Spring State Hosp.,* 970 S.W.2d 670, 672 (Tex.App.-Eastland 1998, pet. denied) ("To the extent that *Vela* and *Hester* can be understood to state that a room is personalty or that a cause of action will lie for the negligent use of real property, we respectfully decline to follow our sister courts. The duty of a real property owner with regard to others is defined as a premises defect.").[5] We likewise decline to follow *Hester, Vela,* and *Martinez.*

Because Appellants' claims involve a room, real property—not personal property—is at issue. *See, e.g., San Antonio Area Found. v. Lang,* 35 S.W.3d 636, 640 (Tex.2000) (defining real property as "land, and generally whatever is erected or growing upon or affixed to land"). Neither a cause of action for negligent use of real property nor a cause of action involving a condition of real property exists separate and apart from a cause of action for a premises defect. *Laman,* 970 S.W.2d at 671–72; *see also Renteria,* 96 S.W.3d at 458; *Scott,* 7 S.W.3d at 720. The term "premises" has been defined as a building

---

5. In *Bossley,* the supreme court found it unnecessary to address an amicus curiae brief filed by the Attorney General arguing that "negligence in the use or condition of real property does not state a cause of action under the [TTCA], unless it is a premise defect claim under section 101.022(1)." *Bossley,* 968 S.W.2d at 341.

or part thereof with its grounds and appurtenances. *Laman,* 970 S.W.2d at 672. "Defect" has been defined as a shortcoming, an imperfection, or the want of something necessary for completeness. *Id.; Billstrom v. Mem'l Med. Ctr.,* 598 S.W.2d 642, 646 (Tex.Civ.App.-Corpus Christi 1980, no writ).

Appellants have not stated a premises defect claim because they have not alleged a defect, shortcoming, or imperfection of the jail cell. To the extent that Appellants impliedly argue that the "use" of the jail cell is the equivalent to the "use" of personal property, the jail cell did not proximately cause Ignacio's death, it was merely involved. *See Bossley,* 968 S.W.2d at 343; *Archibeque,* 115 S.W.3d at 159.

██ Appellants' argument that immunity is waived when considering all of the tangible property in conjunction is also unpersuasive and does not result in a different outcome. Like in *Archibeque,* the true substance of Appellants' complaint appears to be that Ignacio's death was caused not by the shoestrings, bunk bed, or jail cell, but by the City's failure to monitor Ignacio. *See Archibeque,* 115 S.W.3d at 160. This, however, does not state a claim within the TTCA's limited waiver of immunity. *Id.* Accordingly, looking to Appellants' allegations in the pleadings, accepting them as true, and construing them in their favor, we hold that Appellants failed to invoke the trial court's subject matter jurisdiction by alleging facts establishing a waiver of governmental immunity under the TTCA. We overrule Appellants' sole issue.

### IV. CONCLUSION

Having overruled Appellants' only issue, we affirm the trial court's judgment granting the City's plea to the jurisdiction.

LIVINGSTON, J. concurs with opinion.

TERRIE LIVINGSTON, Justice, concurring.

I respectfully concur to the majority opinion in this case to discuss the "use" prong of the Texas Tort Claims Act. The 2004 Texas Supreme Court case of *San Antonio State Hospital. v. Cowan* clearly held that the triggering governmental "use" of personal property had to be just that; "section 101.021(2) waives immunity for a use of personal property only when the governmental unit is itself the user." 128 S.W.3d 244, 245–46 (Tex.2004); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 2005). Thus here, because Ignacio was the one who actually used the shoestring, bunk bed, and jail cell, as opposed to the governmental unit, immunity has not been waived for purposes of section 101.021(2). *See Cowan,* 128 S.W.3d at 246. This description of "use" has also been followed by the supreme court in a recent case, *Texas A & M University v. Bishop.* 156 S.W.3d 580, 583–84 (Tex.2005).

In *Bishop,* the faculty advisor provided a real knife to a student actor for use in a drama club production. *Id.* at 582. The student actor, using the real knife, missed the stab pad and actually stabbed one of his co-actors. *Id.* The injured actor sued Texas A & M for "deciding to use a real knife and in failing to provide an adequate stab pad" and for violating the university's prohibition of deadly weapons on campus. *Id.* The supreme court held that simply furnishing the knife to the actor was insufficient to establish a "use" of personal property by the governmental unit. *Id.* at 583. As in *Cowan,* merely providing personal property for use by someone else is insufficient to establish the statutory waiver of immunity. *See id.; Cowan,* 128 S.W.3d at 246.

A similar approach has been used by the Dallas Court of Appeals in *Texas Depart-*

**844**

*ment of Criminal Justice v. Hawkins,* 169 S.W.3d 529 (Tex.App.-Dallas 2005, no pet.). In that case, Irving Police Officer Aubrey Hawkins was killed when escapees from the Texas Department of Criminal Justice (TDCJ) stole weapons from TDCJ during their escape from the Connally Unit in Huntsville, Texas in 2000. *Id.* at 531. Hawkins's survivors asserted claims against TDCJ for negligence. *Id.* at 531–32. The Dallas Court of Appeals reversed the trial court's denial of TDCJ's plea to the jurisdiction. *Id.* at 534–35. The court agreed that TDCJ did not "use" the weapons within the meaning of the tort claims act's use waiver of governmental immunity. *Id.* at 533. Citing both *Cowan* and *Bishop,* the Dallas court determined that the escapees' use of the weapons did not constitute negligent misuse of the weapons by TDCJ and that TDCJ had merely negligently provided access to the property which is insufficient to constitute "use" under the tort claims act. *Id.* at 533.

I believe the decision in our case turns simply upon the lack of "use" by a governmental unit. I do not believe that we reach the issue of causation, as the majority has, until we first review the governmental unit's alleged "use." If we agree that the governmental unit "used" the property, only then do we look to its "use" in terms of causation. For this reason, I respectfully concur.