[COMMENT1] 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-293-CV

 

 

MARIA
THERESA NUNEZ,                                                   APPELLANTS

INDIVIDUALLY
AND ON BEHALF 

OF
THE ESTATE OF IGNACIO 

NUNEZ,
AND ELIZABETH REYTHER 

AS
NEXT FRIEND OF JARED NUNEZ, 

A MINOR                                                                                            

                                                   V.

 

CITY OF SANSOM PARK, TEXAS                                              APPELLEE

 

                                              ------------

 

           FROM
THE 348TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction








Appellants Maria Theresa
Nunez, individually and on behalf of the estate of Ignacio Nunez, and Elizabeth
Reyther, as next friend of Jared Nunez, a minor appeal from the trial court=s judgment granting a plea to the jurisdiction in favor of Appellee
City of Sansom Park, Texas (the ACity@).  In a single issue, Appellants complain that
the trial court erred by granting the City=s plea because they alleged facts establishing a waiver of the City=s governmental immunity from suit under the Texas Tort Claims Act (ATTCA@).[1]  Because we hold that the City=s immunity from suit has not been waived, we affirm the trial court=s judgment.

II.  Factual and Procedural Background

Appellants alleged in their second
amended petition that the Sansom Park Police Department detained Nunez=s son, Ignacio, on July 19, 2004 for public intoxication.  Ignacio was taken to the Sansom Park City
Jail for booking at 9:00 p.m., and officers placed Ignacio in a jail cell at
approximately 9:30 p.m.  The officers
failed to remove Ignacio=s
shoestrings from him despite a written policy requiring the arresting or
booking officer to remove all items of personal property from the arrested
person, including shoestrings.  At 6:00
a.m. the following morning, officers discovered that Ignacio had hanged himself
using his shoestrings, which were attached to the top of a bunk bed in the jail
cell.








Appellants sued the Sansom
Park Police Department[2]
and the City of Sansom Park, Texas, alleging that Ignacio=s death was caused by a condition or use of tangible personal or real
property and that the City was liable pursuant to section 101.021(2) of the
TTCA.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.021(2).  Specifically, they
alleged that the City was negligent by failing to follow written booking
procedures, failing to remove Ignacio=s shoestrings, failing to reasonably monitor Ignacio after placing him
in the cell, placing Ignacio in a jail cell that was not easily monitored, and
using the jail cell and bunk bed in violation of written policy.  The City filed a plea to the jurisdiction,
arguing that it was immune from suit because Appellants= petition failed to state a claim within the limited waiver of the
TTCA.  The trial court subsequently
granted the plea, and this appeal followed.

III.  Waiver of Governmental Immunity

In their sole issue,
Appellants argue that the trial court erred by granting the City=s plea to the jurisdiction because Ait is not readily apparent from the pleadings . . . that [the City=s] claims are barred as a matter of law by . . . sovereign immunity.@  They argue that the City=s negligent Ause@ of the shoestrings in conjunction with the bunk bed and jail cell
room amounts to a waiver of immunity pursuant to section 101.021(2) of the
TTCA.  The City responds that none of
Appellants= allegations
state a claim within the TTCA=s limited waiver of immunity.

        








A.  Plea to the Jurisdiction

A plea to the jurisdiction
challenges the trial court=s authority to determine the subject matter of the action.  Tex. Dep=t of Transp. v. Jones, 8 S.W.3d
636, 638 (Tex. 1999).  Whether the trial
court had subject matter jurisdiction is a question of law that we review de
novo.  Tex. Natural Res. Conservation
Comm=n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). 
The plaintiff has the burden of alleging facts that affirmatively
establish the trial court=s subject
matter jurisdiction.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993).  In
determining whether the plaintiff has met this burden, we look to the
allegations in the pleadings, accept them as true, and construe them in favor
of the pleader.  Id.; Tex. Dep=t of MHMR v. Lee, 38 S.W.3d 862, 865
(Tex. App.CFort Worth
2001, pet. denied).  We must also consider
evidence relevant to jurisdiction when it is necessary to resolve the
jurisdictional issue raised.  Bland
ISD v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).  Neither party presented any evidence to the
trial court.  We therefore look solely to
Appellants= pleadings
to determine the jurisdictional question.

B.  Immunity and the TTCA








Sovereign immunity from suit
defeats a trial court=s subject
matter jurisdiction unless the State expressly consents to the suit.  Jones, 8 S.W.3d at 638.  Governmental immunity operates like sovereign
immunity to afford similar protection to subdivisions of the State, including
counties, cities, and school districts.  Harris
County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004); see Wichita Falls
State Hosp. v. Taylor, 106 S.W.3d 692, 694, n.3 (Tex. 2003) (recognizing
that courts often use the terms sovereign immunity and governmental immunity
interchangeably).  The TTCA provides a
limited waiver of immunity, allowing suits to be brought against government
units in certain, narrowly defined circumstances.  Tex. Dep=t of Criminal Justice v. Miller, 51 S.W.3d
583, 587 (Tex. 2001); see also Dallas County MHMR v. Bossley, 968 S.W.2d
339, 341 (Tex.) (recognizing that the Legislature intended the waiver in the
TTCA to be limited), cert. denied, 525 U.S. 1017 (1998).  Mere reference to the TTCA does not establish
consent to be sued.  Miller, 51
S.W.3d at 587.  The plaintiff must
affirmatively demonstrate the trial court=s jurisdiction by alleging a valid waiver of immunity.  Id.

The TTCA provides that a
governmental unit is liable for

(1) property
damage, personal injury, and death proximately caused by the wrongful act or
omission or the negligence of an employee acting within his scope of employment
if:

 

(A) the property damage, personal injury, or
death arises from the operation or use of a motor-driven vehicle or
motor-driven equipment; and 

 

(B) the employee would be personally liable to
the claimant according to Texas law; and

 








(2) personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.

 

Tex. Civ. Prac. &
Rem. Code Ann. ' 101.021.  Only section 101.021(2) is relevant to this
appeal.

AUse@ means Ato put or
bring into action or service; to employ for or apply to a given purpose.@  Miller, 51 S.W.3d at
588; Archibeque v. N. Tex. State Hosp.-Wichita, 115 S.W.3d 154, 158
(Tex. App.CFort Worth
2003, no pet.).  A governmental unit does
not Ause@ personal
property merely by allowing someone else to use it and nothing more.  San Antonio State Hosp. v. Cowan, 128
S.W.3d 244, 246 (Tex. 2004).  To state a
claim for which immunity is waived, a plaintiff must allege that usage of the
property itself actually caused the injury. 
Miller, 51 S.W.3d at 588; Renteria v. Housing Auth. of the
City of El Paso, 96 S.W.3d 454, 458 (Tex. App.CEl Paso 2002, pet. denied).  The
use must have proximately caused the injury or death; mere involvement of the
property is insufficient.  Bossley,
968 S.W.2d at 343; Archibeque, 115 S.W.3d at 159.  ARequiring only that a condition or use of property be involved would
conflict with the Act=s basic
purpose of waiving immunity only to a limited degree.@  Bossley, 968 S.W.2d at
343.  AProperty does not cause injury if it does no more than furnish the
condition that makes the injury possible.@  Id.








C.  AnalysisCCondition or Use of Tangible Personal or Real Property

Appellants= allegations involve four items of tangible property:  the shoestrings, the bunk bed, the jail cell,
and video surveillance equipment.[3]
Appellants make no allegation regarding the condition of the items of property,
only their use.

1.  Shoestrings and Bunk Bed








The City did not Ause@ the
shoestrings and bunk bed as contemplated by the TTCA.  Appellants= pleadings show that Ignacio arrived at the jail with his shoestrings,
and the officers failed to remove them from him.  The bunk bed was located in the jail
cell.  The City did not Ause@ the bunk
bed or the shoestrings by simply allowing Ignacio to use those items of
tangible property and nothing more.  AIf all >use= meant were >to make
available,= the
statutory restriction would have very little force.@  Cowan, 128 S.W.3d at
246.  Moreover, the presence of the
shoestrings and bunk bed in Ignacio=s cell did no more than furnish the condition that made Ignacio=s death possible.  See
Bossley, 968 S.W.2d at 343. 
Appellants= allegations
that the City used the shoestrings and bunk bed are too attenuated from his
death to be said to have caused it.[4]








Appellants rely in part on Robinson
v. Central Texas MHMR Center, 780 S.W.2d 169 (Tex. 1989), and Lowe v.
Texas Tech University, 540 S.W.2d 297 (1976), as support for their argument
that the City has waived its immunity. 
In Robinson, immunity was waived for a claim that a mentally
challenged patient was allowed to swim without a life preserver.  Robinson, 780 S.W.2d at 171.  In Lowe, immunity was waived for a
football player=s claim that
a coach required him to play without a knee brace.  Lowe, 540 S.W.2d at 300.  The supreme court has stated that the
precedential value of Robinson and Lowe is Alimited to claims in which a plaintiff alleges that a state actor has
provided property that lacks an integral safety component and that the lack of
this integral safety component led to the plaintiff=s injuries.@  Cowan, 128 S.W.3d at 247; Kerrville
State Hosp. v. Clark, 923 S.W.2d 582, 585 (Tex. 1996).  

Appellants argue that Ait would seem obvious that immunity is similarly waived where a state
actor uses property (normally safe property by itself) with a harmful component
(as opposed to withholding a safety component) and the addition of the harmful
[component] leads to the plaintiff=s injury.@  But we are not inclined to expand upon the
supreme court=s express
limitation of Robinson and Lowe. 
Consequently, because Appellants= claims do not fall within the scope of those cases, they are
inapposite.  Accordingly, Appellants= allegations about the shoestrings and bunk bed are insufficient to
state a claim within section 101.021(2)=s waiver of immunity.

2.  Jail Cell  








Appellants argue that the
City Aused@ the jail
cell, which is a room apparently within the Sansom Park City Jail.  They cite Vela v. City of McAllen, 894
S.W.2d 836 (Tex. App.CCorpus
Christi 1995, no writ), City of Waco v. Hester, 805 S.W.2d 807 (Tex. App.CWaco 1990, writ denied), and Martinez v. City of Brownsville,
No. 13-00-00425-CV, 2001 WL 1002399 (Tex. App.CCorpus Christi Aug. 31, 2001, pet. denied) (not designated for publication),
as support for their argument that the City Aused@ the jail
cellCa room.  The court in Vela held
that the Ause@ of a booking room and the placement of a stool therein was equivalent
to the Ause@ of personal
property as contemplated by section 102.021(2).  Vela, 894 S.W.2d at 840.  The Hester court determined that a
room in which the plaintiff was assaulted and a television set that the guards
watched were Aused@ within the meaning of the TTCA. 
Hester, 805 S.W.2d at 815. 
Martinez relies on Vela and Hester for the
proposition that government employees can Ause@ a room for
purposes of the TTCA.  Martinez,
2001 WL 1002399, at *7. 








This court declined to follow
both Vela and Hester in Tarrant County Hospital District v.
Henry, 52 S.W.3d 434, 442 n.23, 444 (Tex. App.CFort Worth 2001, no pet.). 
Other courts have done the same. 
See Scott v. Prairie View A & M Univ., 7 S.W.3d 717, 720 (Tex.
App.CHouston [1st Dist.] 1999, pet. denied) (disagreeing in part with Hester=s reasoning and holding that
the room where the plaintiff was attacked was not defective in some capacity
and was Atoo attenuated from the actual injury to be considered the proximate
cause of Hester=s injury@);  Laman v. Big Spring State
Hosp., 970 S.W.2d 670, 672 (Tex. App.CEastland 1998, pet. denied) (ATo the extent that Vela and Hester can be understood to
state that a room is personalty or that a cause of action will lie for the
negligent use of real property, we respectfully decline to follow our sister
courts.  The duty of a real property
owner with regard to others is defined as a premises defect.@).[5]  We likewise decline to follow Hester, Vela,
and Martinez.

Because Appellants= claims involve a room, real propertyCnot personal propertyCis at issue.  See, e.g., San
Antonio Area Found. v. Lang, 35 S.W.3d 636, 640 (Tex. 2000) (defining real
property as Aland, and
generally whatever is erected or growing upon or affixed to land@).  Neither a cause of action
for negligent use of real property nor a cause of action involving a condition
of real property exists separate and apart from a cause of action for a
premises defect.  Laman, 970
S.W.2d at 671-72; see also Renteria, 96 S.W.3d at 458; Scott, 7
S.W.3d at 720.  The term Apremises@ has been
defined as a building or part thereof with its grounds and appurtenances.  Laman, 970 S.W.2d at 672.  ADefect@ has been
defined as a shortcoming, an imperfection, or the want of something necessary
for completeness.  Id.; Billstrom
v. Mem=l Med. Ctr., 598 S.W.2d 642, 646 (Tex. Civ. App.CCorpus Christi 1980, no writ).  








Appellants have not stated a
premises defect claim because they have not alleged a defect, shortcoming, or
imperfection of the jail cell.  To the
extent that Appellants impliedly argue that the Ause@ of the jail
cell is the equivalent to the Ause@ of personal
property, the jail cell did not proximately cause Ignacio=s death, it was merely involved. 
See Bossley, 968 S.W.2d at 343; Archibeque, 115 S.W.3d at
159.

Appellants= argument that immunity is waived when considering all of the tangible
property in conjunction is also unpersuasive and does not result in a different
outcome.  Like in Archibeque, the
true substance of Appellants= complaint appears to be that Ignacio=s death was caused not by the shoestrings, bunk bed, or jail cell, but
by the City=s failure to
monitor Ignacio.  See Archibeque,
115 S.W.3d at 160.  This, however, does
not state a claim within the TTCA=s limited waiver of immunity.  Id.  Accordingly, looking to Appellants= allegations in the pleadings, accepting them as true, and construing
them in their favor, we hold that Appellants failed to invoke the trial court=s subject matter jurisdiction by alleging facts establishing a waiver
of governmental immunity under the TTCA. 
We overrule Appellants= sole issue.

 

 

 

 

 








IV.  Conclusion

Having overruled Appellants= only issue, we affirm the trial court=s judgment granting the City=s plea to the jurisdiction.        


 

 

 

BOB MCCOY

JUSTICE

 

PANEL B:   LIVINGSTON, HOLMAN, and MCCOY, JJ.

 

LIVINGSTON,
J. concurs with opinion.

 

DELIVERED:
June 29, 2006

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-293-CV

 

 

MARIA THERESA NUNEZ, INDIVIDUALLY                               APPELLANTS

AND
ON BEHALF OF THE ESTATE OF

IGNACIO
NUNEZ, AND ELIZABETH REYTHER

AS
NEXT FRIEND OF JARED NUNEZ, A MINOR

 

 

                                                   V.

 

 

CITY OF SANSOM PARK, TEXAS                                              APPELLEE

 

 

                                              ------------

 

           FROM
THE 348TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                  CONCURRING
OPINION

 

                                              ------------








I respectfully concur to the
majority opinion in this case to discuss the Ause@ prong of
the Texas Tort Claims Act.  The 2004
Texas Supreme Court case of San Antonio State Hospital. v. Cowan clearly
held that the triggering governmental Ause@ of personal
property had to be just that; Asection 101.021(2) waives immunity for a use of personal property only
when the governmental unit is itself the user.@  128 S.W.3d 244, 245-46 (Tex.
2004); see also Tex. Civ. Prac.
& Rem. Code Ann. ' 101.021(2) (Vernon 2005).  Thus
here, because Ignacio was the one who actually used the shoestring, bunk bed,
and jail cell, as opposed to the governmental unit, immunity has not been
waived for purposes of section 101.021(2). 
See Cowan, 128 S.W.3d at 246. 
This description of Ause@ has also
been followed by the supreme court in a recent case, Texas A & M
University v. Bishop.  156 S.W.3d
580, 583-84 (Tex. 2005).  

In Bishop, the faculty
advisor provided a real knife to a student actor for use in a drama club
production.  Id. at 582.  The student actor, using the real knife,
missed the stab pad and actually stabbed one of his co-actors.  Id. 
The injured actor sued Texas A & M for Adeciding to use a real knife and in failing to provide an adequate
stab pad@ and for violating the university=s prohibition of deadly weapons on campus.  Id. 
The supreme court held that simply furnishing the knife to the actor was
insufficient to establish a Ause@ of personal
property by the governmental unit.  Id.
at 583.  As in Cowan, merely
providing personal property for use by someone else is insufficient to
establish the statutory waiver of immunity. 
See id.; Cowan, 128 S.W.3d at 246.








A similar approach has been
used by the Dallas Court of Appeals in Texas Department of Criminal Justice
v. Hawkins.  169 S.W.3d 529 (Tex.
App.CDallas 2005, no pet.).  In that
case, Irving Police Officer Aubrey Hawkins was killed when escapees from the
Texas Department of Criminal Justice (TDCJ) stole weapons from TDCJ during
their escape from the Connally Unit in Huntsville, Texas in 2000.  Id. at 531.  Hawkins=s survivors asserted claims against TDCJ for negligence.  Id. at 531-32.  The Dallas Court of Appeals reversed the
trial court=s denial of
TDCJ=s plea to the jurisdiction.  Id.
at 534-35.  The court agreed that TDCJ
did not Ause@ the weapons
within the meaning of the tort claims act=s use waiver of governmental immunity. 
Id. at 533.  Citing both Cowan
and Bishop, the Dallas court determined that the escapees= use of the weapons did not constitute negligent misuse of the weapons
by TDCJ and that TDCJ had merely negligently provided access to the property
which is insufficient to constitute Ause@ under the
tort claims act.  Id. at 533.

 

 

 

 

 








I believe the decision in our
case turns simply upon the lack of Ause@ by a
governmental unit.  I do not believe that
we reach the issue of causation, as the majority has, until we first review the
governmental unit=s alleged Ause.@  If we agree that the governmental unit Aused@ the
property, only then do we look to its Ause@ in terms of
causation.  For this reason, I
respectfully concur. 

 

TERRIE LIVINGSTON

JUSTICE

 

DELIVERED:
June 29, 2006

 

 











[1]See Tex. Civ.
Prac. & Rem. Code Ann. '' 101C109 (Vernon 2005).





[2]Appellants subsequently dismissed
the police department as a party.





[3]Appellants make no argument
throughout their entire brief regarding the video surveillance equipment.  We therefore do not address it in our
analysis.  See Tex. R. App. P. 47.1. 





[4]Appellants alleged in their
pleadings that the officers= failure to remove Ignacio=s shoestrings constituted a
negligent implementation of policy.  They
do not argue this on appeal.  See
Guadalupe-Blanco River Auth. v. Pitonyak, 84 S.W.3d 326, 342 (Tex. App.CCorpus Christi 2002, no pet.)
(reasoning that an assertion of the negligent implementation theory of
liability arises only after a plaintiff has established a waiver of immunity
under section 101.021 of the TTCA).

 

Appellants also alleged
that A[Ignacio] was placed in a cell that
had no/limited video surveillance available. 
Other cells in the jail had surveillance equipment readily available.@ 
They make no argument on appeal regarding the absence of video
surveillance equipment.  See Miller,
51 S.W.3d at 587 (reasoning that the nonuse of property cannot support a claim
under the TTCA). 





[5]In Bossley, the supreme
court found it unnecessary to address an amicus curiae brief filed by the
Attorney General arguing that Anegligence in the use or condition of real property does
not state a cause of action under the [TTCA], unless it is a premise defect
claim under section 101.022(1).@  Bossley, 968
S.W.2d at 341.















 [COMMENT1]

Majority by Justice McCoy Concurrence by Justice Livingston